2008 ME 139

**John Michael EZELL**

v.

**Janice (Barker) LAWLESS.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 30, 2008.
Decided: Sept. 4, 2008.

William B. Devoe, Esq., Mark D. Beaumont, Esq., Eaton Peabody, Bangor, ME, for Janice (Barker) Lawless.

Edward C. Spaight, Esq., Vafiades, Brountas & Kominsky, LLP, Bangor, ME, for John Michael Ezell.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

Majority: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

Concurrence: SAUFLEY, C.J., and LEVY, J.

ALEXANDER, J.

[¶ 1] Janice (Barker) Lawless appeals from an order of the District Court (Newport, *MacMichael, J.*) denying her motion to set aside an entry of default, pursuant to M.R. Civ. P. 55(c), and her motion for relief from judgment, pursuant to M.R. Civ. P. 60(b), from a final order of parental rights and responsibilities entered by a Family Law Magistrate (*Mathews, M.*). Lawless contends that the court erred in refusing to reopen the parental rights judgment entered at a scheduled final hearing after Lawless failed to appear for several court proceedings. Because Lawless has failed to demonstrate any abuse of discretion in the actions by the Family Law Magistrate or the District Court, we affirm.

## I. CASE HISTORY

[¶ 2] Except where noted, the following facts are not in dispute. Janice Lawless and John Michael Ezell are the parents of a now thirteen-year-old daughter. Lawless, a resident of Maine, and Ezell, a resident of Louisiana, never lived together after their daughter was born. Prior to 2006, Ezell had limited in-person contact with his daughter. Ezell contends, but Lawless denies, that Lawless obstructed Ezell's effort to have contact with his daughter.

[¶ 3] In February 2006, Ezell filed a complaint for determination of paternity, parental rights and responsibilities, and child support. 19–A M.R.S. §§ 1651–1654 (2006).[1] An initial case management conference was held at which Ezell, his attorney, and Lawless appeared. At that conference, the magistrate entered an order scheduling a date for a mediation in May and a date for a telephonic status conference in June.

[¶ 4] Lawless failed to appear at the mediation or participate in the telephonic status conference. Lawless later testified that she did not attend the mediation because several other very stressful events were occurring, implying that, as a result, she forgot the mediation. She also testified that she did not participate in the status conference because her telephone was not working. She made no effort to contact the court to determine the status of the case or explain her absence after either failure to appear. The magistrate entered an order at the status conference noting Lawless's two failures to appear and scheduling a final hearing in July 2006.

[¶ 5] When the magistrate held the final hearing in July, Lawless again did not appear, Ezell appeared by telephone, and his attorney appeared in person. After the hearing was completed, Ezell's attor-

---

1. Title 19–A M.R.S. § 1653(8)(A) has since been amended. P.L. 2007, ch. 142, § 1 (effective Sept. 20, 2007).

ney, following common practice, presented the magistrate with a proposed final order and related child support documents, which the magistrate signed. The parental rights order: (1) declared Ezell's paternity; (2) awarded sole parental rights and responsibilities and the child's primary physical residence to Ezell; (3) allowed Lawless's contact with the child to be at Ezell's discretion; and (4) ordered Lawless to pay child support.

[¶ 6] Lawless received a copy of the magistrate's final order soon after it was issued. She promptly filed an objection, asserting that she did not receive notice of the hearing due to a recent move. At a subsequent hearing, Lawless conceded that she had not advised the court of her changes in address.

[¶ 7] In October 2006, the District Court (*Jabar, J.*) held a nontestimonial hearing on Lawless's objection to the magistrate's order. The court denied her objection in a brief order. Lawless did not appeal. *See* M.R. Fam. Div. III(G)(3). A month later, Lawless served Ezell with a motion to modify, but the motion was never filed with the court.

[¶ 8] In January 2007, Lawless retained an attorney and filed a motion to set aside default pursuant to M.R. Civ. P. 55(c) and a motion for relief from judgment pursuant to M.R. Civ. P. 60(b). As justification for relief, Lawless asserted that: "During the pendency of this matter, defendant was immersed in a highly contested divorce proceeding, lost her job and moved several times." The magistrate conducted a testimonial hearing on the motions. At that hearing, Lawless contended that the judgment should be set aside based on the magistrate's failure to address the daughter's best interest when

awarding sole parental rights and responsibilities to Ezell in July 2006.

[¶ 9] Ezell contended that it was proper for the magistrate to enter a judgment awarding sole parental rights and responsibilities without making specific findings regarding the child's best interests. By accepted law and practice, a court may enter a judgment without making explicit findings addressing best interest or any other issue, unless findings are requested. *See Coppola v. Coppola,* 2007 ME 147, ¶ 25, 938 A.2d 786, 794.[2]

[¶ 10] The magistrate entered an order in June 2007 denying Lawless's request for relief. Addressing the request for relief pursuant to Rule 55(c), the magistrate concluded that Lawless had not demonstrated a good excuse for her failure to attend scheduled court proceedings. Addressing the request for relief pursuant to Rule 60(b), the magistrate cited Lawless's repeated failures to appear at court proceedings and the current best interest of the child as the justifications for the denial of relief, stating:

> Clearly, it is [Lawless's] inattention to this matter that resulted in the judgment placing primary residence of the parties' ten year old child with [Ezell]. Further, the evidence at the hearing indicates the child has adjusted to her residence with [Ezell] and she is functioning well. The Court is concerned that reopening the entire matter at this point based upon [Lawless's] mishandling of the court scheduled events would disrupt the child's life and would not be in her best interest.

[¶ 11] Lawless filed a timely objection to the magistrate's decision. While the objection was pending, a different Family

---

2. In response to a request for findings when, as here, no electronic recording of the 2006 parental rights hearing was made, the District Court may, but is not required to, make findings of fact. M.R. Civ. P. 52(a).

Law Magistrate (*Jordan, M.*) entered an agreed-upon order in July 2007 that granted Lawless visitation rights with the daughter in Maine for the remainder of the 2007 summer.

[¶ 12] The District Court (*MacMichael, J.*) held a nontestimonial hearing on Lawless's objection to the denial of her Rule 55(c) and Rule 60(b) motions and, in a written decision, approved the magistrate's denial of relief. The District Court adopted the magistrate's decision and denied relief for the additional reason that the issues raised in the motion could have been, but were not, raised in the first objection to the magistrate's order. Lawless then filed this appeal.

## II. LEGAL ANALYSIS

[¶ 13] In reviewing a magistrate's order, a District Court may adopt, modify, or reject the order. M.R. Fam. Div. III(G)(2)(b). When the District Court, acting in its appellate capacity, adopts the magistrate's findings and conclusions while simultaneously modifying the judgment to embrace an additional legal conclusion based on those findings, we review directly both the magistrate's decision and the District Court's modification. *See Sylvester v. Vitagliano,* 2002 ME 141, ¶¶ 6–9, 804 A.2d 391, 393–94 (noting the unique nature of a district court's review of a magistrate's decision). We will review separately the rulings on the motion to set aside the default and the motion for relief from judgment.

### A. Default Set Aside: M.R. Civ. P. 55(c)

[¶ 14] Lawless contends that the magistrate erred in concluding that she was not entitled to have the default judgment set aside under the "good cause" standard contained in M.R. Civ. P. 55(c).

[¶ 15] We review a decision on a motion for relief from an entry of a default or a default judgment for an abuse of discretion. *Mockus v. Melanson,* 615 A.2d 245, 247 (Me.1992).

[¶ 16] A court may set aside an entry of default "[f]or good cause shown." M.R. Civ. P. 55(c).[3] Once an entry of default has become a final default judgment, however, the default judgment can only be set aside if the conditions of M.R. Civ. P. 60(b) are met. *See* M.R. Civ. P. 55(c); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2692 at 83–91 (3d ed. 1998).

[¶ 17] Lawless appealed the magistrate's final order to the District Court. The District Court denied her objection. Lawless did not appeal the District Court's order, and the magistrate's order became the final judgment of the court. *See* M.R. Fam. Div. III(G)(2). Accordingly, Rule 55(c) and its less stringent good cause standard does not apply, and we need not review the magistrate's conclusion that Lawless failed to establish good cause.

### B. Relief from Judgment: M.R. Civ. P. 60(b)

[¶ 18] Relief pursuant to Rule 60(b)(6) is an extraordinary remedy that may be granted only when the more particularized circumstances set out in the other subsections of Rule 60(b) do not apply. *See Gonzalez v. Crosby,* 545 U.S. 524, 528–29, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); M.R. Civ. P. 60(b). It is not an alternative method of appeal or a procedural device to permit a late appeal. *Kol-*

---

**3.** Maine Rule of Civil Procedure 55(c) provides: "**(c) Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

*mosky v. Kolmosky,* 631 A.2d 419, 421 (Me.1993); *see also Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950) ("Petitioner made a considered choice not to appeal.... Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong...."); 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane et al., *Federal Practice and Procedure* § 2864 at 359–60 (2d ed. 1995) (a Rule 60(b)(6) motion cannot be used as a remedy for a failure to take a timely appeal).

[¶ 19] Although the trial courts, considering the circumstances of each case, have a broad range of discretion in considering requests for relief and remedies pursuant to Rule 60(b), we do not have the same broad range of discretion reviewing trial court decisions on appeal. We review the denial of a Rule 60(b) motion for abuse of discretion and will set aside the trial court's decision only if the failure to grant the relief works a plain and unmistakable injustice against the moving party. *Wooldridge v. Wooldridge,* 2008 ME 11, ¶ 7, 940 A.2d 1082, 1084. In this review, the appellant has the burden of demonstrating that the trial court exceeded the bounds of the reasonable choices available to it, considering the facts and circumstances of the particular case and the governing law. *See Sager v. Town of Bowdoinham,* 2004 ME 40, ¶ 11, 845 A.2d 567, 570.

[¶ 20] Respecting those standards of review, we consider whether Lawless has demonstrated that the trial court abused its discretion in denying relief pursuant to: (1) Rule 60(b)(1) for excusable neglect; (2) Rule 60(b)(3) for fraud, misrepresentation, or other misconduct; or (3) Rule 60(b)(6)

for any other reason justifying relief from the operation of the judgment.

1. Excusable Neglect

[¶ 21] Lawless contends that the magistrate abused his discretion by not finding that she had established "excusable neglect" justifying relief pursuant to M.R. Civ. P. 60(b)(1). She claims that the tumult and stress she was experiencing due to her divorce proceeding, recent moves, the loss of her job, and the impact this had on her parental rights, demonstrate that the court abused its discretion in not finding excusable neglect for her failure to attend the mediation; failure to participate in the status conference; failure to call the court to check on the status of the case; failure to notify the court of the changes in her mailing address; and failure to attend the final hearing.

[¶ 22] To obtain relief from a default judgment under Rule 60(b)(1) for excusable neglect, a party must show (1) a reasonable excuse for her inattention to the court proceedings, and (2) a meritorious defense to the underlying action. *Butler v. D/Wave Seafood,* 2002 ME 41, ¶ 17, 791 A.2d 928, 932. We afford parties who were self-represented at trial no special consideration. *Truman v. Browne,* 2001 ME 182, ¶ 11, 788 A.2d 168, 171.

[¶ 23] The magistrate's order did not specifically analyze Lawless's claim of excusable neglect pursuant to Rule 60(b)(1). Lawless did not make a motion for further findings of fact and conclusions of law pursuant to Rule 52(b). If a party fails to make a motion for such findings after the court issues a judgment, we assume that the trial court made all necessary findings and conclusions to support its decision, if those findings would be supported by the record.[4] Accordingly,

---

4. *In re Zoe M.,* 2004 ME 94, ¶ 10, 853 A.2d 762, 766; *Glidden v. Belden,* 684 A.2d 1306,

we assume that the magistrate was not persuaded by Lawless's testimony that her circumstances rose to the level of a reasonable excuse for her inattention. This assumption is well-supported because the magistrate, in rejecting Lawless's separate claim for relief under the less stringent standard of Rule 55(c), found that Lawless's "confirmation of the events not only demonstrates her lack of responsibility in addressing the child related matters pending before this Court, but also raises questions about her credibility." The magistrate acted within the bounds of his discretion in denying Lawless relief pursuant to Rule 60(b)(1).

### 2. Fraud, Misrepresentation, or Other Misconduct of an Adverse Party

[¶ 24] Lawless asserts that the magistrate abused his discretion in not setting aside the default judgment pursuant to M.R. Civ. P. 60(b)(3) due to Ezell's alleged misconduct. She claims Ezell failed to inform her during phone discussions that he was seeking sole parental rights and responsibilities rather than simply parent-child contact, and that he misled her with respect to what had occurred at the status conference that she had failed to participate in.

[¶ 25] Rule 60(b)(3) permits a court to set aside a default judgment based on fraud, misrepresentation, or other misconduct by the adverse party. Although the magistrate's order denying Lawless's motion does not contain findings regarding Lawless's Rule 60(b)(3) claim, Lawless did not file a Rule 52(b) motion. We therefore assume the magistrate made all findings and conclusions necessary to support his judgment. *See In re Zoe M.*, 2004 ME 94, ¶ 10, 853 A.2d at 766.

[¶ 26] Here, the magistrate could have found, based on Ezell's testimony, that Ezell did not mislead Lawless, and that Lawless's ignorance as to the possible outcome at the final hearing was a function of her failure to participate in mediation and the follow-up status conference. Also, in view of the fact that Lawless failed to inform the court of her two changes of mailing address, and failed to attend three scheduled court events, the magistrate was not compelled to find that Ezell's failure to serve his proposed order and child support documents on Lawless prior to the final hearing resulted in fraud, misrepresentation, or other misconduct that justifies relief from judgment. Accordingly, Lawless has failed to demonstrate that the court abused its discretion in denying relief pursuant to Rule 60(b)(3).

### 3. Any Other Reason Justifying Relief

[¶ 27] Lawless contends that, because of the gravity of the issues involved, and because the magistrate did not specifically address her daughter's best interest before awarding Ezell sole parental rights and responsibilities, the final order works an injustice of sufficient magnitude to justify vacating the magistrate's denial of relief pursuant to Rule 60(b)(6). Ezell disputes Lawless's contention that any injustice occurred, arguing that: (1) Lawless is unstable and interfered with Ezell's efforts to establish a relationship with his daughter;[5] (2) Lawless failed to appear at court events related to her daughter; and (3) as the magistrate specifically found in June 2007, the daughter "has adjusted to her residence with [Ezell] and she is functioning well," and reopening the entire matter, now two

1319 (Me.1996).

5. These allegations have not been found as fact in this proceeding.

years later, "would disrupt the child's life and would not be in her best interest."

### a. Standards Governing Rule 60(b)(6) Relief

[¶ 28] We have stated that "[a]lthough Rule 60(b) has been characterized as a 'grand reservoir of equitable power to do justice in a particular case,' ... the catch-all clause of 60(b)(6) must be applied in the exercise of sound judicial discretion." *Meiners v. Aetna Cas. & Sur. Co.*, 663 A.2d 6, 8 (Me.1995) (citation omitted). Rule 60(b)(6) relief is only appropriate when the appellant has diligently pursued his or her rights. *Putnam v. Albee*, 1999 ME 44, ¶ 8, 726 A.2d 217, 219. Thus, Rule 60(b) presupposes that a party has performed his or her duty to take legal steps to protect his or her own interest in the original litigation. *Calaska Partners, L.P. v. Dahl*, 676 A.2d 498, 501 (Me.1996); *Reville v. Reville*, 370 A.2d 249, 254 (Me. 1977). "Laudable as is the goal of providing relief from injustices which [the rule] contemplates, courts must strike a balance between that goal and the salutary policy of finality in litigation." *Reville*, 370 A.2d at 254.

[¶ 29] Surveying the state of the law, *Moore's* observes that Rule 60(b)(6) relief may be granted when there are "extraordinary circumstances" and the party seeking relief is without fault. 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.48[3] at 60–170 to 175 (3d ed. 2004). Thus, "[a] party who violates court rules or orders is not entitled to relief...." *Id.* at 60–174.1 (citing *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680–81 (11th Cir.1984)). "Dilatory conduct in failing to promptly appeal adverse judgments does not justify Rule 60(b) relief." Moore, *Moore's Federal Practice* § 60.48[3] at 60–175 (citing *Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir.1997) (pro se litigants' inattention or inexperience in failing to appeal does not justify relief)).

[¶ 30] Further, a Rule 60(b)(6) proceeding must consider the efforts, equities, and interests of the affected parties at the time of the Rule 60(b)(6) proceeding, not at the earlier time of entry of the judgment from which relief is sought. *See Ackermann*, 340 U.S. at 197–98, 71 S.Ct. 209; *Putnam*, 1999 ME 44, ¶¶ 8–9, 726 A.2d at 219 (examining the effects of post-judgment actions and inactions in affirming denial of Rule 60(b)(6) relief). Were the law otherwise, Rule 60(b)(6) could become a facilitator of untimely appeals and an enabler of dilatory practice before our trial courts.

[¶ 31] Taking the last point first, as of the date of hearing, the magistrate found that reopening the proceeding "would disrupt the child's life and would not be in her best interest." That best interest finding is supported by the record and is entitled to great deference. The best interest of the child and the present equities and interests of the parties, including the child, do not support Lawless's contention that, in denying relief, the court abused its discretion.

[¶ 32] The other considerations in evaluating claims for Rule 60(b) relief tilt heavily against awarding Lawless relief here. Twice she failed to appear at scheduled court events about which she had notice. Twice she failed to timely notify the court of changes in her address. Despite missing scheduled court events, she failed to contact the court to learn the status of the case or explain her absence. As a result of her neglecting to advise the court of her changed addresses and neglecting to contact the court after missing scheduled events, she did not learn of and missed the final hearing in the parental rights action.

[¶ 33] Lawless failed in her duty to take legal steps she knew she must take to protect her own interests, *see Calaska,* 676 A.2d at 501; she repeatedly violated court rules and orders to appear, and after the District Court denied her challenge to the original parental rights order, she failed to pursue the timely appeal that was available to her under the law, *see Greenawalt,* 105 F.3d at 1273. With this record, there is no basis for us to determine that Lawless has met her burden of demonstrating that the trial court abused its discretion and that she is entitled to have us overturn the court's decision and remand for a new hearing that is not in her daughter's best interest.

The entry is:

Judgment affirmed.

LEVY, J., with whom SAUFLEY, C.J., joins, concurring.

[¶ 34] I write separately to address Lawless's contention that she is entitled to Rule 60(b)(6) relief because the magistrate applied the wrong legal standard by basing the 2006 parental rights order solely on Lawless's failure to appear, and not on a determination of the best interest of the child. In response to Lawless's motion seeking post-judgment relief, Ezell argued that the magistrate was not required to consider the child's best interest when he entered the 2006 parental rights order: "[O]n the issue of the default, clearly [the court] can order a default without going into a best interest analysis. That happens all the time when people ... ignore these kinds of cases."

[¶ 35] Maine law unequivocally directs that "[t]he court, in making an award of parental rights and responsibilities with respect to a child, *shall* apply the standard of the best interest of the child." 19–A M.R.S. § 1653(3) (2007) (emphasis added). This standard applies without regard to whether a parent appears or fails to appear at scheduled court events. *See Rodrigue v. Brewer,* 667 A.2d 605, 606 (Me. 1995) ("The paramount consideration ... when allocating parental rights and responsibilities is the best interests of the child.").

[¶ 36] Lawless's inattention to the proceedings in 2006 was undoubtedly a relevant fact to be considered as part of a best interest determination. But it could not, standing alone, justify the magistrate's decision to transfer sole parental rights and responsibilities to Ezell who, as of the date of the hearing, had just begun to establish a relationship with a daughter he had not seen in seven years.[6] *Cf. Huff v. Huff,* 444 A.2d 396, 398 (Me.1982) (concluding that it was error for a court to use a custody award as a sanction for a parent's contempt, noting that "the court's complete failure to mention the child's interest while awarding custody, clearly indicates that the court was vindicating its authority rather than addressing the child's best interests"). Although courts need not countenance parents who fail to appear, they "may not use changes of custody as a sword to punish parental misconduct." *Sims v. Sims,* 109 Nev. 1146, 865 P.2d 328, 330 (1993) (finding the trial court abused its discretion in entering a change of custody based on a parent's refusal to obey a court order, rather than on a determination of the child's best interest); *see also Campbell v. Campbell,* 604 A.2d 33, 36 (Me.1992).

---

**6.** The Court's description of the daughter as having had only "limited in-person contact" with her father prior to the July 2006 order is an understatement. Prior to 2006, Ezell had only once since her birth had in-person contact with his daughter—a visit of approximately one week when she was three years old.

[¶ 37] This is not to suggest that the magistrate erred by holding the 2006 final hearing in Lawless's absence. When a parent is in default, a magistrate has the discretion to proceed to determine parental rights and responsibilities based on the evidence offered by the parent who has appeared.[7] *See, e.g., Conrad v. Swan,* 2008 ME 2, ¶ 13, 940 A.2d 1070, 1075. Furthermore, although an award of parental rights and responsibilities where one parent has failed to appear must always result from the magistrate's independent assessment of the best interest of the child, this does not mean that the magistrate is required to make findings of fact and conclusions of law memorializing the assessment. Factual findings and conclusions of law are only required if a timely request for the same is made in accordance with M.R. Civ. P. 52(a). *See Conrad,* 2008 ME 2, ¶ 16, 940 A.2d at 1076.[8]

[¶ 38] If the July 2006 parental rights order was not based on a best interest determination,[9] it is likely that the order would have been vacated and the case remanded for a best interest determination

7. As a result of recently adopted amendments to the Maine Rules of Civil Procedure that take effect January 1, 2009, the process by which a default judgment may be entered against a parent who has failed to appear in a family matter will be governed by M.R. Civ. P. 55:

> Rule 55 shall govern practice regarding defaults and default judgments, except that no default or default judgment shall be entered by the clerk. No default judgment shall be entered in an action for divorce, child support, spousal support, counsel fees, division of marital or non-marital property, paternity, parentage or parental rights and responsibilities, or motions for post-judgment relief, without all parties being given notice and opportunity to appear and be heard before entry of judgment. Notice of hearing is not required prior to entry of a default judgment where the court finds that the party, although properly served with the complaint, petition or motion for post-judgment relief, has not entered an appearance and/or otherwise participated in proceedings before the judgment.

M.R. Civ. P. 117 (effective Jan. 1, 2009).

8. In *Conrad v. Swan,* we affirmed a magistrate's entry of a default judgment against a parent who failed to appear at a scheduled status conference. The magistrate proceeded to conduct a final hearing pursuant to M.R. Fam. Div. III(H)(1) (permitting entry of a default judgment as a sanction for a failure to appear), received evidence from the mother, and declared the father's paternity and awarded sole parental rights and responsibilities to the mother, with reasonable rights of contact to the father. 2008 ME 2, ¶ 3, 940 A.2d 1070, 1073. The judgment expressly reflected that it was entered by the magistrate "[a]fter carefully considering the evidence" presented, *id.* (quotation marks and alteration omitted), but did not otherwise contain findings or even mention the best interest factors, *id.* ¶ 16, 940 A.2d at 1076. The father objected to the magistrate's order, asserting that there was good cause for his failure to appear at the status conference, and that the magistrate erred because the magistrate failed to make explicit factual findings in its parental rights order. *Id.* ¶¶ 4, 15, 940 A.2d at 1073, 1076. The District Court denied the objection, and the father appealed. We affirmed the District Court's conclusion that the father failed to establish good cause for his failure to appear. *Id.* ¶ 11, 940 A.2d at 1075. In addition, we rejected the father's contention that the judgment should be set aside because it did not contain findings concerning the best interest factors set forth in 19–A M.R.S. § 1653(3) (2007). Our opinion noted that "[i]n the absence of a request for further findings, we assume that there was competent evidence in the record to support the magistrate's [best interest determination and parental rights and responsibilities] order." *Conrad,* 2008 ME 2, ¶ 16, 940 A.2d at 1076.

9. The fact that the 2006 parental rights order was not based on a best interest determination is also suggested by the magistrate's finding, in the 2007 order denying relief from judgment, explaining that it was Lawless's "inattention to this matter that resulted in the judgment placing primary residence of the parties' ten year old child with [Ezell]."

had Lawless taken a timely appeal. As we recognized in *C.E.W. v. D.E.W.*, the "best interest of the child" standard codified in section 1653(3) "stands as the cornerstone of the parens patriae doctrine" and "embodies the same parens patriae authority in judicial proceedings as extant under common law." 2004 ME 43, ¶ 10, 845 A.2d 1146, 1149–50. Because the judicial parens patriae authority is exercised for the benefit of the child, not the parents, it is error for a court to base a custody decision on anything other than the child's best interest. *See Campbell*, 604 A.2d at 36.

[¶ 39] Any error associated with the entry of the 2006 parental rights order did not, however, compel the magistrate to grant Lawless's request for Rule 60(b)(6) relief from the order. Rule 60(b)(6) is applied in the exercise of sound judicial discretion, requiring the court to strike a balance between "the goal of providing relief from injustices . . . and the salutary policy of finality in litigation." *Reville v. Reville*, 370 A.2d 249, 254 (Me.1977). Although the findings in the 2007 order denying relief from judgment make no note of the error associated with entry of the 2006 parental rights order, that denial of Rule 60(b)(6) relief was ultimately based on the magistrate's conclusion that the reopening of the judgment "would disrupt the child's life and would not be in her best interest." By treating the child's best interest as a primary factor in the balancing required by Rule 60(b)(6), the magistrate acted within his discretion in denying the post-judgment relief sought by Lawless.