STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
Cumberland. ss. Clerk's Office

OCT 27 2015

RECEIVED

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-14-245

GREEN TREE SERVICING INC.,

Plaintiff

v.                                                    ORDER

MICHAEL COBB, et al,

Defendants

Before the court are motions by party-in-interest Bank of America for relief from judgment under Rule 60(b) and for leave to file a late answer. The Bank of America has also objected to the Report of Sale.

The Bank of America was named as a party in interest and was served with the complaint but never appeared or answered. As a result, when a consent judgment of foreclosure was entered on August 28, 2014, no provision was made for payment of the Bank of America.[1] A report of sale was filed on August 13, 2015, indicating that sufficient funds had been realized from the foreclosure sale so that $37,343.50 would be distributed to defendants Michael and Michelle Cobb.

The Bank of America's Rule 60(b) motion does not offer any explanation for the Bank's failure to appear in this proceeding until more than one year after judgment was entered. It argues that relief should be granted under Rule 60(b)(6) because (1) the foreclosure sale purchaser appears to be affiliated with the defendants and (2) defendants would receive a

---

[1] When a party in interest neither appears nor answers, there is no basis to assume that the party in interest still has a viable claim or that its claim has not previously been satisfied or written off.

windfall if they are able to regain the property and receive the $37,000 surplus from the foreclosure sale even though they allegedly defaulted on a second mortgage due to the Bank of America.

The Bank's difficulties, however, stem from its failure to appear and answer the complaint in this case. If it had appeared, it could have asserted its claim to the foreclosure sale surplus and otherwise protected its interests. Relief under Rule 60(b)(6) is an extraordinary remedy that may be granted only when the more particularized circumstances set out in the other subsections of Rule 60(b) do not apply. *Ezell v. Lawless,* 2008 ME 139 ¶ 18, 955 A.2d 202. In this case the Bank had one year in which to seek relief under Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect, and it did not do so. Indeed, it has not made a showing of mistake, inadvertence, surprise, or excusable neglect that could support relief under Rule 60(b)(1).

The Law Court has emphasized that relief under Rule 60(b)(6) presupposes that a party has taken appropriate steps to protect his or her rights in the original proceeding. *Ezell v. Lawless,* 2008 ME 139 ¶¶ 18, 28. The Bank did not do so in this case. Accordingly, the Bank's motion for relief under Rule 60(b) is denied. As a result, its motion for leave to file a late answer and its objection to the Report of Sale are dismissed as moot.

Plaintiff's counsel shall deposit the surplus amount realized from the foreclosure sale into its escrow account until the time for appeal from this order has expired. If no appeal is taken, plaintiff's counsel shall pay over the $37,343.50 foreclosure sale surplus to the defendants. The court sees no need to have the funds deposited into court.

This ruling is without prejudice to any other remedies that the Bank of America may have

2

under its note or otherwise to pursue the debt that was originally secured by its second mortgage.

The entry shall be:

Party in interest Bank of America's motion for relief from the judgment entered August 28, 2014 is denied. All other motions are moot. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October __27__, 2015

Thomas D. Warren
Justice, Superior Court

PAUL D. WEINSTEIN, ESQ.
BENDETT & MCHUGH, PC.
30 DANFORTH STREET, SUITE 104
PORTLAND, ME. 04101
Attorney For Party in Interest Bank of America

ROBERT T. BOUDREAU, ESQ
BOUDREAU LAW OFFICES PC
685 US ROUTE 1
SCARBOROUGH, ME. 04074
Attorney for Defendants

SHAPIRO & MORLEY, LLC.
707 SABLE OAKS DRIVE, SUITE 250
SOUTH PORTLAND, ME. 04106
Attorney for Plaintiff