STATE OF MAINE                                     SUPERIOR COURT
YORK, ss.                                          CIVIL ACTION
                                                   DOCKET NO. CV-14-0138


PATRICIA VOGEL,

         Plaintiff,

    v.

FRANK MOSKAL,
                                                        ORDER

         Defendant,

    and

STEVE CURWOOD,

         Party-in-interest.


## I.  Background

### a.  Procedural History

This case involves a dispute over parties' rights to financial assets.  Plaintiff Patricia Vogel brought this action against defendant Frank Moskal. Plaintiff also named party-in-interest Steve Curwood in the complaint because of an alleged debt he owed plaintiff and defendant. All counts in the complaint were brought solely against defendant. Party-in-interest was served the summons and complaint on July 22, 2014, but never filed a responsive pleading or otherwise appeared.

Defendant passed away on or about December 12, 2014. Plaintiff thereafter moved to substitute as defendant Judith Moskal-Kanz, the personal representative of the decedent's estate and the trustee of Frank J. Moskal Trust. The court granted the motion to substitute on March 11, 2015. Plaintiff and substituted defendant settled their claims on or about December 12, 2014.

1

Through counsel, plaintiff sought an entry of default and default judgment against party-in-interest. Pursuant to M.R. Civ. P. 55(b)(1) plaintiff filed an affidavit with her request that stated "defendant failed to appear, plead or otherwise defend this action." (Pl.'s Aff. ¶ 1.) The affidavit also stated the "[p]laintiff's claim against defendant is for a sum certain, or for a sum which can by computation be made certain, and the amount now due by the Defendant to the Plaintiff on the claim set forth in the complaint in this action is the sum of $15,000.00, plus interest and costs," and "the debt was assigned to plaintiff by co-defendant . . . ." (Pl.'s Aff. ¶¶ 1, 4-5.) The word "defendant" was corrected to "party-in-interest" throughout the second page of the Request for Default, Entry of Default, and Default Judgment. On July 8, 2015, the Clerk entered default and default judgment based upon representations made in the affidavit.

Plaintiff subsequently obtained a Writ of Execution against party-in-interest on September 8, 2015. Plaintiff then filed an action for Enforcement of Foreign Judgments in a New Hampshire Superior Court in October of 2015. (P.I.I.'s Mot. to Set Aside and Vacate Default at 2.) Before the court is party-in-interest's motion to set aside default, vacate default judgment, and for sanctions pursuant to M.R. Civ. P. 11.

### b. Facts

Plaintiff contends she and the original defendant formerly owned a residence in South Windsor, Connecticut as joint tenants. (Pl.'s Compl. ¶ 5.) The property was allegedly sold in 2010 and the proceeds deposited into a joint account. (Pl.'s Compl. ¶¶ 4, 6.) Party-in-interest allegedly received $25,000 from the joint account. (Pl.'s Compl. ¶ 12.) Plaintiff and defendant stated in initial pleadings the $25,000 was a loan. (Compl. ¶ 12; Def.'s Ans. ¶ 12.)

The settlement agreement between plaintiff and defendant assigned plaintiff the "Curwood Loan." (P.I.I. Mot. to Set Aside Default Ex. F.) The Assignment of Debt pursuant to

2

the settlement agreement reads as follows:

> Assignor hereby assigns, transfers, conveys, sells, bargains, and set over unto the Assignee all of its right, title and interest in and to a claim of DEBT dated March 12, 2012, in the original principal amount of $25,000, allegedly given by STEVE CURWOOD to FRANK J. MOSKAL and PATRICIA VOGEL . . . . The intention of this assignment is to convey to the Assignee any and all rights the Assignor has or had in and to the Debt, and to clarify that any and all repayments of said debt are to be make to and at the direction of the Assignee solely.

(P.I.I. Mot. to Set Aside Default Ex. H.) Party-in-interest maintains there was no debt owed because the defendant extinguished the remainder of the $25,000 loan in anticipation of his death in accordance with a mutual understanding that party-in-interest would look after defendant's daughter. (P.I.I. Mot. to Set Aside Default ¶ 14.)

## II. Discussion

### a. Motion to Set Aside Default and Vacate Default Judgment

Maine Rule of Civil Procedure 8(a) requires a claim for relief contain both a statement of the claim and a demand for judgment. M.R. Civ. P. 8(a). "The function of the complaint is to provide fair notice of the claim and a generalized statement of the facts may fulfill this function." *E. N. Nason, Inc. v. Land-Ho Development Corp.*, 403 A.2d 1173, 1177 (Me. 1979). Plaintiff did not name party-in-interest as a defendant or state a demand for judgment against him. Plaintiff sought relief solely against defendant and their settlement awarded plaintiff the right to collect "any and all rights the Assignor has or had in and to the Debt." The complaint alleged that a debt existed, and defendant admitted in his answer the funds were a loan. However, neither party included a demand for judgment that sought to determine their rights in or to the alleged debt.

A defendant must serve his answer within 20 days after being served with the summons and complaint. M.R. Civ. P. 12(a). Rule 12(b) requires that "[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is

3

required." M.R. Civ. P 12(b). In this case, party-in-interest did not need to serve and answer or assert a defense because no claims were asserted against him.

Default may be entered when there is a judgment for affirmative relief sought against a party and the party has failed to plead or appear. M.R. Civ. P. 55(a). When there is no claim made against a party or party-in-interest they may not be defaulted. Similarly, the Clerk may only enter default judgment against a defendant when the plaintiff has made a claim against defendant for a sum certain and the defendant has failed to appear. M.R. Civ. P. 55(b)(1); *see also Arekay Realty Group v. Lievi*, 595 A.2d 1036, 1037 (Me. 1991). It is axiomatic that the court may not enter a judgment against a party when there is no claim made against such party. *See* M.R. Civ. P. 54.

Nonetheless, once entered a final default judgment may only be set aside in accordance with Maine Rule of Civil Procedure 60(b). *Ezell v. Lawless*, 2008 ME 139, ¶ 16, 955 A.2d 202. Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.[1]

M.R. Civ. P. 60(b). In a Rule 60(b) proceeding the court must weigh the policy preference for finality of judgments against the desire to prevent an injustice. *Reville v. Reville*, 370 A.2d 249, 253 (Me. 1977). Relief is appropriate when the original judgment is shown to be unjust. *Moulton v. Brown*, 627 A.2d 521, 523 (Me. 1993). "[T]he trial courts, considering the circumstances of

---

[1] Party-in-interest moves for relief from judgment under M.R. Civ. P. 60(b) citing only subparts (1), (3), (4), and (6). Thus, the court does not include subparts Rule 60(b)(2) or (5).

4

each case, have a broad range of discretion in considering requests for relief and remedies pursuant to Rule 60(b)." *Ezell*, 2008 ME 139, ¶ 19, 955 A.2d 202.

### i. Rule 60(b)(1)

"To obtain relief from a default judgment under Rule 60(b)(1) for excusable neglect, a party must show (1) a reasonable excuse for her inattention to the court proceedings, and (2) a meritorious defense to the underlying action." *Id.* ¶ 22. The absence of a claim against party-in-interest provides a reasonable excuse for his inattention to the court proceedings. Party-in-interest also has a meritorious defense to the alleged debt oligation.

"Relief is obtainable whether the neglect or inadvertence or mistake is that of the moving party, of the court, or of a third party." 2 Harvey, *Maine Civil Practice* 297-98 (3d, 2011 ed.). The request for and entry of default and default judgment was a mistake. Thus, party-in-interest is entitled to relief from judgment pursuant to M.R. Civ. P. 60(b)(1). The same facts that support setting aside the judgment also demonstrate good cause to set aside the default. M.R. Civ. P. 55(c).

### b. Motion for Sanctions Pursuant to M.R. Civ. P. 11

"All pleadings must be signed as certification 'that to the best of the signer's knowledge, information, and belief there is good ground to support it.'" *Pepperell Trust Co. v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶ 12, 708 A.2d 651 (quoting M.R. Civ. P. 11). "If a pleading or motion is signed with intent to defeat the purpose of [Rule 11], the court . . . may impose upon the person who signed it, upon a represented party, or upon both, an appropriate sanction." M.R. Civ. P. 11. Party-in-interest seeks sanctions pursuant to Rule 11 alleging there was no good ground to support the Request for Entry of Default and Default Judgment or the accompanying affidavit. Party-in-interest was joined in this action and failed to respond. A request for default

5

and default judgment may have been a mistake, but plaintiff and her counsel believed there were proper grounds to support the filings when they were signed based upon party-in-interest's complete failure to answer or appear. While the court finds there were insufficient grounds for the Request and affidavit, the filings were not signed by plaintiff or her attorney[2] with the intent to defeat the purpose of Rule 11. Therefore, sanctions are denied.

## III.   Conclusion

For the aforementioned reasons, party-in-interest's motion to set aside default and to vacate default judgment are GRANTED. Party-in-interest's motion for sanctions is DENIED.

Therefore it is hereby ORDERED:

1.    The Default Judgment entered against party-in-interest Steve Curwood on July 8, 2015 and the subsequent Writ of Execution issued on September 8, 2015 are vacated.

2.    The Entry of Default entered against party-in-interest Steve Curwood on July 8, 2015 is set aside.

3.    Plaintiff shall cause any foreign or domestic proceedings seeking to impose the now vacated Default Judgment to be dismissed.

4.    The clerk may incorporate this order upon the docket by reference pursuant to M.R. Civ. P. 79(a).

SO ORDERED.

Dated: November 30, 2016

_____
Hon. John O'Neil Jr.
Justice, Superior Court

---

[2] Attorney Bailey is a well-respected member of the York Bar and while the Request for Entry of Default and Default Judgment was imprudent in this case, the court does not find she sought to mislead the court.

6