MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 124
Docket:      Wal-16-151
Submitted
  On Briefs:  January 19, 2017
Decided:     June 20, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

DOROTHY D. BLACK

v.

JAMES A. BLACK

HJELM, J.

[¶1]   James A. Black appeals from a judgment of the District Court (Belfast, *Raimondi, J.*) denying a motion for contempt filed against him by his ex-wife, Dorothy D. Black, but nevertheless ordering him to pay Dorothy a sum that the court determined he owed to her pursuant to the parties' divorce judgment.  James argues that the court lacked authority to grant Dorothy any form of relief upon denying her motion for contempt, which was not accompanied by a motion to enforce.  The record reveals that the court determined that Dorothy had proved that James was in contempt, but the court denied Dorothy's motion for a reason that was erroneous.  Given these unusual circumstances, we conclude that the court ultimately acted within its authority by issuing an order requiring James to pay Dorothy the arrearage

2

owed to her and that James was not unfairly prejudiced by that result. We therefore affirm the judgment.

## I. BACKGROUND

[¶2] James and Dorothy were divorced by a judgment (*Sparaco, J.*) entered in June 2012. Neither party was represented by counsel in that proceeding. The judgment incorporates a written settlement agreement that James drafted without the help of an attorney.

[¶3] The judgment evenly divided the parties' assets, including bank accounts, personal property, and several parcels of real estate. The judgment also provides for the equal division of the parties' ongoing income. Relevant to this appeal, the judgment allocates to each party his or her respective income from social security—$455 to Dorothy, and $812 to James—and allocates $378.50 in "[a]partment income" to Dorothy. The parties do not dispute that the apartment is located on one of the parcels of real estate allocated to James, that it generates a total of $800 per month in rental income, and that James is required to pay $378.50 of that amount to Dorothy each month.[1]

---

[1] The divorce judgment does not characterize the agreed-upon payments as spousal support, and in fact, the judgment explicitly states, "Neither party shall pay alimony to the other."

[¶4]  In August 2015, Dorothy filed a motion for contempt, *see* M.R. Civ. P. 66, 120, alleging that James had failed to pay her $378.50 per month as required by the divorce judgment.  In the motion, Dorothy requested that the court impose remedial sanctions and award her costs, including reasonable attorney fees.[2]

[¶5]  A hearing was held in March 2016, where both parties were represented by counsel.  The parties testified that they had not contemplated what would happen if circumstances changed affecting the distribution of rental income—a reduction of rental income, for example.  Dorothy testified that they had discussed only that James would pay her $378.50 per month during his lifetime.

[¶6]  James acknowledged that he had agreed to pay Dorothy $378.50 per month but failed to make those payments for eleven months, beginning in March 2015, and that as a result he "did owe [Dorothy] some money."  He stated that although he stopped making the payments because a tenant moved out of the apartment, he did not resume making payments even when he found a new tenant several months later because he had to pay for unforeseen repairs, which he anticipated would cost more than $10,000.  He testified that

---

[2]  Dorothy also alleged that James failed to comply with the divorce judgment in two other ways. The parties resolved those issues, and they are not at issue in this appeal.

he had been receiving the entire $800 in monthly rental income since approximately April 2015, and that he owned assets including real estate and accounts that by themselves had a value that exceeded the arrearage claimed by Dorothy.

[¶7]  The court (*Raimondi, J.*) found that the settlement agreement incorporated in the divorce judgment is "plain on its face" and "clear[ly]" requires James to pay $378.50 of the rental income to Dorothy, but that James had simply stopped making the payments.  Despite these findings and the court's determination that James had the present ability to pay the arrearage, however, the court explicitly declined to find James in contempt.  The court explained that because the parties were unrepresented at the time of the divorce and because, as a result, their agreement was "silent on a number of points," it would give James "the benefit of the doubt."  Important to this appeal, the court stated at the hearing that *had* James been represented at the time of the divorce, "there would be no question . . . [it] would find him in contempt."  The court ordered James to pay Dorothy $4,163.50, representing eleven months of missed payments, within thirty days of the date of the order, with execution to issue; and $152.09 in costs, to be paid within fourteen days

of the date of the order. James timely appealed. *See* 14 M.R.S. § 1901 (2016); M.R. App. P. 2(b)(3).

## II. DISCUSSION

[¶8]   James asserts that the court was without authority to grant Dorothy any relief whatever after denying her motion for contempt. Given the particular circumstances of this case, we disagree.

[¶9]   "For a court to find a party in contempt, the complaining party must establish by clear and convincing evidence that the alleged contemnor failed or refused to comply with a court order and presently has the ability to comply with that order." *Murphy v. Bartlett*, 2014 ME 13, ¶ 9, 86 A.3d 610; *see also* M.R. Civ. P. 66(d)(2)(D). As a remedy for contemptuous conduct, a court may impose a variety of sanctions designed to coerce compliance or to compensate the aggrieved party. *See* M.R. Civ. P. 66(a)(2)(C), (d)(3); *Murphy*, 2014 ME 13, ¶ 16, 86 A.3d 610. Contempt sanctions may include entry of a "judgment in favor of the person aggrieved for a sum of money sufficient to indemnify the aggrieved party" and to satisfy that party's costs, "including reasonable attorney fees." M.R. Civ. P. 66(d)(3)(C) (identifying a "[c]ompensatory [f]ine" as one type of remedial sanction). The court's remedial order requiring James to make Dorothy whole for his failure to

6

comply with the payment obligation created by the divorce judgment falls well within what Rule 66 would authorize.

[¶10]  Although the court denied Dorothy's contempt motion, it stated that "there would be no question" that it would have found James in contempt had he been represented at the time of the divorce.  Because unrepresented parties are not entitled to special consideration, *see Ezell v. Lawless*, 2008 ME 139, ¶ 22, 955 A.2d 202, this was an improper rationale for the court to deny Dorothy's motion.[3]  The court's statement demonstrates, however, that it determined that Dorothy *had* proved contempt by clear and convincing evidence, because the *only* reason the court denied her motion was James's unrepresented status when the divorce judgment was issued.  *See supra* ¶ 7. The court thus implicitly but necessarily concluded that Dorothy had proved the elements of her contempt motion, even though it nominally did not find James in contempt.

[¶11]  Accordingly, James was not prejudiced by the court's order providing Dorothy with a remedy that was within the court's Rule 66

---

[3]  Despite the court's error, Dorothy is not entitled to a remand for entry of an order expressly finding James in contempt because she did not appeal from the court's denial of her contempt motion.  *See U.S. Bank Trust, N.A. v. Mackenzie*, 2016 ME 149, ¶ 8, 149 A.3d 267 (stating that a cross-appeal is necessary if an appellee wishes to modify a judgment in a way that is different from the change sought by the appellant); Alexander, *Maine Appellate Practice* § 2.7(a) at 39 (4th ed. 2013).

authority but that, as shown by the court's reasoning, it erroneously failed to invoke. Given these unique circumstances, the court did not err by issuing an order enforcing James's liability to Dorothy.

The entry is:

Judgment affirmed.

---

Anthony A. Trask, Esq., Rudman Winchell, Bangor, for appellant James A. Black

Joseph W. Baiungo, Esq., Belfast, for appellee Dorothy D. Black

Belfast District Court docket number FM-2012-78
FOR CLERK REFERENCE ONLY