STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-18-217

RICHARD STILES d/b/a
STILES PLUMBING AND HEATING

Plaintiff

v.

ORDER

D.E MURPHY CONSTRUCTORS INC. , et al.,

Defendants

REC'D CUMB CLERKS OFC
APR 5 '19 AM8:16

Before the court is a motion by defendant and party-in-interest D.E. Murphy Constructors Inc. to set aside the default and the default judgment entered against it.

In this case the file contains an acknowledgement dated November 15, 2018 that the summons and complaint had been served on D.E. Murphy Constructors, Inc. A response to the complaint was therefore due on or before December 5, 2018.

No answer on behalf of D.E. Murphy was timely filed. On January 29, 2019 the court issued a scheduling order and an order directing plaintiff Richard Stiles to seek entry of a default against D.E. Murphy or show cause why a default had not been sought. Contrary to the argument made by D.E. Murphy in its motion, the court did not extend D.E. Murphy's time to answer the complaint.

Stiles sought an entry of default and entry of a default judgment by request dated February 8 and filed February 11, 2019. A default judgment was sought from the clerk on the ground that Stiles's claim against D..E. Murphy was for a sum certain or a sum that could by computation be made certain.

On February 13, 2019, the clerk entered both a default against D.E. Murphy and a default judgment against D.E. Murphy in the amount of $8,760.01.

Plaintiff-Steven Rand, Esq.
Defendant DE Murphy-Laurence Minott, Esq.
Defendant 1227 Roosevelt-David Perkins, Esq.

D.E. Murphy then filed a belated answer on February 15. On February 22 D.E. Murphy filed its pending motion to set aside the default and the default judgment.

Since a default judgment has been entered, D.E. Murphy must meet the excusable neglect standard under Rule 60(b)(1). That standard is higher than the good cause standard necessary to set aside a default before judgment has been entered under Rule 55(c). *Butler v. D/Wave Seafood,* 2002 ME 41 ¶ 17, 791 A.2d 928.

To obtain relief from a default judgment under Rule 60(b)(1) for excusable neglect, a party must show (1) a reasonable excuse for its inattention to the court proceedings, and (2) a meritorious defense to the underlying action. *Ezell v. Lawless,* 2008 ME 139 ¶ 22, 955 A.2d 202.

In this case D.E. Murphy has not made any showing of excusable neglect. D.E. Murphy has not shown by affidavit or otherwise[1] that there was a reasonable excuse for its failure to respond to the summons and complaint for more than two months even though service had been accepted by the attorney who now represents D.R. Murphy.

D.E. Murphy's motion also cites Rule 60(b)(6). However, the Law Court has stated that relief under Rule 60(b)(6) is an extraordinary remedy that may be granted only when the more particularized circumstances set out in the other subsections of Rule 60(b) do not apply. *Ezell v. Lawless,* 2008 ME 139 ¶ 18. In this case, where D.E. Murphy has failed to make any showing of excusable neglect under Rule 60(b)(1), no relief is available under Rule 60(b)(6).

The entry shall be:

The motion by defendant D.E. Murphy Constructors Inc. to set aside the default and default judgment entered against D.E. Murphy Constructors Inc. is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[1] Stiles argues that excusable neglect must be shown by competent evidence. *See Sheepscot Land Corp. v. Gregory,* 383 A.2d 16, 20 (Me. 1978). Whether or not that would require an affidavit need not be decided because no showing of excusable neglect has been offered here.

Dated: April 4, 2019

Thomas D. Warren
Justice, Superior Court