STATE OF MAINE  
ANDROSCOGGIN, ss

RECEIVED & FILED

FEB 17 2020

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT  
DOCKET NO. AP-19-13

**Portfolio Recovery Assoc.**

*Plaintiff/Appellee,*

v.

**Jill Chenard,**

*Defendant/Appellant.*

)
)
)
)
)
)
)
)
)
)
)

**Order on Appeal**

This small claims matter is before the court on appeal from a default judgment against Defendant. The case was originally set for trial on November 6, 2018. Both parties appeared and agreed to continue the case for 60 days, and the matter was reset for January 16, 2019. On that date both parties again appeared, and once more agreed to continue the matter while they attempted to settle the matter. On March 13, 2019, Plaintiff appeared and Defendant did not. Despite Defendant's failed to appear, the matter was again continued. The notice resetting the hearing for June 12, 2019 was sent to the parties on March 18, 2019. On June 12, 2019, Defendant failed to appear and judgment was entered against her by default.

On July 12, 2019, Defendant moved for relief from judgment; that motion was denied. On the same day she filed an appeal to this court.

Defendant has not requested a jury trial de novo. Therefore, the appeal must proceed on questions of law only. M. R. S. C. P. 11(d). *See Cote v. Vallee,* 2019 ME 156 ¶¶9-10. However, Defendant has not actually presented any question of law. She has asserted a number of facts that she alleges would excuse her failure to appear on June 12, 2019, but none of those facts is part of the record on appeal from the default judgment and cannot be considered. M. R. S. C. P. 11(d)(1), (3); M.R. Civ. P. 76F.

1

On the record on appeal before this court, there was no error in defaulting Defendant when she appeared for trial, and that judgment must be affirmed.

Given the posture of the case, this court will also look at whether the District Court erred in denying Defendant's request for relief from the default judgment which she filed on July 12, 2020. A default judgment may only be set aside if the conditions of M.R. Civ. P. 60(b) are met. *Ezell v. Lawless*, 2008 ME 139 ¶ 16. On appeal, this court reviews the denial of a Rule 60(b) motion for abuse of discretion and will set aside the trial court's decision only if the failure to grant the relief works a plain and unmistakable injustice against the moving party. *Id.* at ¶19. In order to prevail on her motion for relief from a default judgment under Rule 60(b)(1) for excusable neglect, Defendant must show *both* (1) a reasonable excuse for her inattention to the court proceedings, *and* (2) a meritorious defense to the underlying action. *Id.* at ¶22. Here, Defendant asserted in her motion that she did not receive notice of the hearing.[1] Even if that were considered a reasonable excuse, however, Defendant did not assert any meritorious defense to the action. Indeed, she stated that

> I was working in good faith to arrive at a mutually agreeable amount and payment terms with the Plaintiff 's attorney. I was fully committed to fulfilling my obligation and settling the case.

Because Defendant has not asserted a meritorious defense to the action itself, the District Court did not err in denying the motion to vacate the default judgment.

For the foregoing reasons, the appeal is denied. This order may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: 2/12/2020

Valerie Stanfill
Justice, Maine Superior Court

---

[1] The record reflects that Defendant was sent notice of each hearing date to her address of record, which address has not changed. The notice was not returned to the court.

2