STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-22-09

NFG HOUSING PARTNERSHIP LP,

    Plaintiff-Appellee

v.

                         ORDER

LORRAINE SAINT PIERRE,

    Defendant-Appellant

REC'D CUMB CLERKS OF(
APR 26 '22 PM3:30

Defendant-Appellant Lorraine Saint Pierre has filed an appeal from a March 22, decision by the District Court (Churchill, J.) granting plaintiff-appellee NFG Housing Partnership LP's complaint for forcible entry and detainer after a hearing held on January 6, 2022. Ms. Saint Pierre seeks a jury trial de novo on her appeal and has also filed a motion for a stay of the issuance of a writ of possession.

Ms. Saint Pierre's appeal was filed on March 30, 2022. The court issued a procedural order on April 8, 2022. On April 11, 2022 counsel for NFG filed an objection and motion to strike Ms. Saint Pierre's request for a jury trial. Since then there have been four other filings. On April 15, 2022 Ms. Saint Pierre filed a document entitled "Defendant-Appellant's Response to Forcible Entry and Detainer Complaint," a separate document purporting to be a motion to dismiss under 14 M.R.S. § 556 (the anti-SLAPP statute), and another document entitled "Affidavit in Support of Appeal." On April 20, 2022 NFG filed an opposition to Ms. Saint Pierre's motion to stay the issuance of a writ of possession.

NFG had sought to evict Ms. Saint Pierre in a prior proceeding in which Ms. Saint Pierre prevailed because the lease violations relied upon by NFG had not occurred during the renewal

term of the lease. However, the District Court's order in that proceeding, entered as an exhibit below, expressly rejected certain of Ms. Saint Pierre's arguments and cautioned her that "continued intransigence or obstinacy may result in her future eviction." March 8, 2021 order in SA-20-301 (Darvin, J.).

Jury Trial De Novo

With respect to Ms. Saint Pierre's request for a jury trial de novo on her appeal, M.R. Civ. P. 80D(f)(3) provides that the court shall review the affidavits filed by appellant with the notice of appeal, any counter affidavits filed by the appellee, and the record on appeal, including any transcript or portions thereof that have been ordered, to determine whether the appellant's affidavits are adequate and whether there is a genuine issue of fact for a jury trial de novo.[1]

In this connection the court will consider only the affidavit filed with Ms. Saint Pierre's notice of appeal and not the second document she filed on April 15 entitled "Affidavit in Support of Appeal." Rule 80D(f)(2)(A) specifically requires an appellant seeking a jury trial de novo to file an affidavit meeting the requirements of Rule 56(e) with the notice of appeal. It makes no provision for further affidavits to be filed, and NFG had already responded to Ms. Saint Pierre's initial affidavit when she filed her April 15 "Affidavit." In addition, Ms. Saint Pierre's April 15 "Affidavit" is unsworn.

Ms. Saint Pierre's March 30, 2022 affidavit, filed with her notice of appeal, is handwritten on the back of her notice of appeal. It consists of the statement that she was not prepared to present evidence at the hearing below and that she had made a complaint about mold spores less than 6

---

[1] Ms. Saint Pierre had ordered a transcript when she filed her notice of appeal and in response the District Court ordered that an audio recording be produced. In considering Ms. Saint Pierre's request for a jury trial de novo, therefore, this court has listened to the audio recording of the hearing below, which lasted approximately 2 hours and 30 minutes.

months before eviction. NFG has not filed any counter affidavits. It contends that whether or not Ms. Saint Pierre was prepared for the hearing below is not an issue on which a de novo jury trial can be held and that it is not disputed that Ms. Saint Pierre made a complaint about mold spores prior to the eviction.

Ms. Saint Pierre's affidavit is not adequate to set forth a disputed issue of fact for a jury trial. Whether or not Ms. Saint Pierre was prepared for the hearing is not an issue which a jury could decide. The record reflects that Ms. Saint Pierre had filed a motion to continue the hearing on December 23, 2021, which was denied by the District Court (Cashman, J.). At the January 6, 2022 hearing Ms. Saint Pierre again sought a continuance, which was denied by Judge Churchill.[2] Whether the District Court abused its discretion in denying a continuance is an issue of law that perhaps could have been raised in Ms. Saint-Pierre's appeal – if it had been listed on her notice of appeal – but it does not entitle Ms. Saint Pierre to a jury trial de novo.[3]

Similarly, Ms. Saint Pierre is not entitled to a jury trial de novo with respect to the issue of whether she had previously filed a complaint about mold spores because that was not disputed at the January 6, 2022 hearing. NFG's first witness at the hearing, Lucia Rivera, testified that Ms.

---

[2] After the hearing, but before Judge Churchill's decision was issued, Ms. Saint Pierre sought to remove this case to federal court – where there is other pending litigation between herself and NFG. The federal court found there was no basis for federal jurisdiction and remanded the case to the Maine District Court on March 15, 2022.

[3] Even if the District Court's denial of a continuance had been raised as an issue in her notice of appeal, the court would not find that the District Court's denial of a continuance constituted reversible error. Rule 80D(e)(1) provides that all forcible entry and detainer actions "shall be in order for trial on the return day." Ms. Saint Pierre's initial motion for a continuance was based on the pendency of her federal action against NFG. Once that was denied, she should have been prepared to proceed at the hearing. At the conclusion of the hearing the District Court asked Ms. Saint Pierre for an offer of proof as to what testimony additional witnesses could provide. It did not abuse its discretion in concluding that Ms. Saint Pierre's offer of proof did not warrant a continuance.

3

Saint Pierre had made such a complaint.[4] The District Court's decision notes the presence of mold spores in Ms. Saint Pierre's apartment was found in a report commissioned by NFG in May 2021 in response to Ms. Saint Pierre's concerns – 5 months before NFG's notice to quit was served on Ms. Saint Pierre. *See* District Court decision at 9 and n.5, citing the document introduced as Exhibit I at the hearing. That report found no areas of fungal growth on structure or other building related conditions that would be cause for alarm. However, it noted that Ms. Saint Pierre had a number of plants with decaying plant matter and numerous old books and periodicals with visible fungal growth that may have been contributing to airborne fungal spores.

Motion to Stay Issuance of Writ of Possession

That leaves the issue of whether the court should stay the issuance of a writ of possession to allow the appeal to proceed. M.R. Civ. P. 80D(f)(5) provides that if the court does not find that a genuine issue of fact has been presented for a jury trial de novo, it shall dismiss the appeal unless either party has raised an independent question of law in the notice of appeal. In this case Ms. Saint Pierre did not raise any issues of law in her notice of appeal. Accordingly, the court cannot find that Ms. Saint Pierre's grounds of appeal raise a genuine issue of law, which is a requisite for the granting of a stay pursuant to Rule 80D((j)(2) and requires the dismissal of the appeal pursuant to Rule 80D(f)(5).

Ms. Saint Pierre's April 15, 2022 "Response to Forcible Entry and Detainer Complaint" and her April 15, 2022 anti-SLAPP motion do not alter this result. Considering these in reverse order, the court is not aware of any authority for the proposition that a special motion pursuant to 14 M.R.S. § 556 can be brought in an action for forcible entry and detainer. Even assuming for

---

[4] This testimony came at approximately the 39-minute mark of the January 6, 2022 hearing.

4

purposes of argument that an anti-SLAPP motion would otherwise be available in an FED case, the court would not find that such a motion can be filed once a case is on appeal. Finally, 14 M.R.S. § 556 provides that such a motion must be filed within 60 days of the service of the complaint unless the court exercises its discretion to extend that deadline. In this case the FED complaint was served on December 14, 2021, and Ms. Saint Pierre's April 15 motion invoking the anti-SLAPP statute was filed 122 days after service. Even if an anti-SLAPP motion were otherwise available, the court would not exercise its discretion to allow a belated anti-SLAPP motion in an FED case that is on appeal.

Ms. Saint Pierre's April 15 "Response to Forcible Entry and Detainer Complaint" makes several legal arguments that, as set forth above, cannot be considered because they were not raised as independent questions of law in her notice of appeal.[5] Even if the court were to consider those arguments, they would be unavailing. Ms. Saint Pierre asserts that because of her disabilities, she is a member of a protected class. Ms. Saint Pierre did not argue below that NFG's eviction case was brought in retaliation for her housing discrimination case in federal court. *See* District Court decision at 2. A party cannot for the first time on appeal raise arguments not raised below.

On one of the occasions when Ms. Saint Pierre was found to have denied the landlord access to her unit, Ms. Saint Pierre testified that because she is hard of hearing, she did not hear that the maintenance staff was seeking to enter her unit to address a flooding issue. However, the District Court found to the contrary – that she was aware that the maintenance staff was seeking to enter her unit, that she rebuffed their requests, and that she only allowed access once police officers were called and were able to prevail on her to allow entry. District Court Decision at 4.

---

[5] Ms. Saint Pierre is representing herself in this proceeding. However, self-represented litigants must follow the Maine Rules of Civil Procedure the same as parties represented by attorneys. *See, e.g., Ezell v. Lawless,* 2008 ME 139 ¶ 22, 955 A.2d 202.

Ms. Saint Pierre's membership in a protected class does not immunize her from failing to notify the landlord about flooding in her unit or failing to allow access to her unit – the lease violations on which the District Court based its decision below.

Ms. Saint Pierre also appears to argue that she cannot be evicted for violating "house rules" but only for violations of her lease. However, the lease (introduced as Exhibit B at the hearing) provides in paragraph 14 that the tenant "agrees to obey the [attached] house rules." The District Court's detailed 10-page decision carefully considered the evidence and found material non-compliance with the lease.

The entry shall be:

1. Defendant-appellant is not entitled to a jury trial de novo on this appeal.

2. Defendant-appellant's motion to stay issuance of a writ of possession is denied.

3. Defendant-appellant's special motion pursuant to 14 M.R.S. § 556 is denied.

4. Defendant-appellant's appeal is dismissed pursuant to M.R.Civ.P. 80D(f)(5).

5. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April 26, 2022

Thomas D. Warren
Active Retired Justice, Superior Court

Entered on the Docket: 04/26/22

Plaintiff-Stephanie Green Albert, Esq.
Defendant-Pro Se Defendant

6