2009 ME 1

**Lyle P. MERRIFIELD**

v.

**Carole S. HADLOCK.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 12, 2008.
Decided: Jan. 8, 2009.

Erika L. Frank, Esq., Law Office of Erika L. Frank, P.A., Windham, ME, for Lyle P. Merrifield.

Ann M. Freeman, Esq., Norman, Hanson & DeTroy, LLC, Portland, ME, for Carole S. Hadlock.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, MEAD, and GORMAN, JJ.

MEAD, J.

[¶ 1] Lyle P. Merrifield appeals from a judgment entered in Superior Court (Cumberland County, *Cole, J.*) denying his motion for relief from the court's judgment dismissing his case. Contrary to Merrifield's contention, the court did not abuse its discretion in denying his motion.

[¶ 2] On September 8, 2005, Merrifield filed a complaint in District Court (Portland) to enforce a mechanic's lien, and for quantum meruit and unjust enrichment. The case was removed to the Superior Court on August 16, 2007,[1] and on September 4, 2007, the Superior Court issued a scheduling order, which mandated the al-

1. The case was delayed for nearly two years in the District Court while Merrifield attempt-

ed to effect service on Hadlock.

ternative dispute resolution (ADR) process, pursuant to M.R. Civ. P. 16B. The scheduling order provided that:

> the parties shall confer promptly to choose an ADR process and neutral third party to conduct the ADR process. No later the 60 days after the date of this order, the plaintiff shall notify the court of the ADR process selected, the name of the neutral and the time and place for the ADR conference. If the parties are unable to agree on either the process or a neutral, they shall notify the court promptly in writing. Unless all parties agree in writing as provided in M.R. Civ. P. 16B(a), the ADR conference shall be held and completed not later than 120 days after the date of this order. A report of the ADR conference shall be filed by the neutral or the parties not later than 10 days after completion of the ADR conference.

Copies of the scheduling order were sent to counsel for both parties.

[¶ 3] On January 28, 2008, more than sixty days after the scheduling order was issued, the court issued an order for failure to file an ADR notification or a report of ADR conference. The order warned that the case would be dismissed with prejudice unless the court was notified as to the status of the ADR process within fifteen days. Copies of the order were sent to counsel for both parties. The parties failed to provide the court with an ADR status update, and the case was dismissed on February 29, 2008.

[¶ 4] On May 14, 2008, Merrifield filed a motion for relief from order, pursuant to M.R. Civ. P. 60(b). Merrifield offered no reason for missing the sixty-day deadline set forth in the scheduling order other than difficulty contacting Hadlock's attorney. With regard to failing to meet the fifteen-day deadline set forth in the court's January 28, 2008, order, Merrifield states,

"due to a clerical error in [his] counsel's office, the 15 day deadline was not reported on the calendar of events." Merrifield's motion was subsequently denied.

 [¶ 5] We review a decision on a motion for relief for an abuse of discretion. *See Ezell v. Lawless,* 2008 ME 139, ¶ 15, 955 A.2d 202, 206; *Bates v. Dep't of Behavioral & Developmental Servs.,* 2004 ME 154, ¶ 38, 863 A.2d 890, 901. Considerable deference is accorded to the court reviewing a motion for relief "due to the judge's familiarity with the case and opportunity to evaluate the credibility and good faith of the parties." *Butler v. D/Wave Seafood,* 2002 ME 41, ¶ 15, 791 A.2d 928, 932 (quotation marks omitted).

 [¶ 6] Scheduling orders are a form of case management, and help achieve the overall purpose of the Rules of Civil Procedure, which is to ensure the speedy and inexpensive resolution of a case. *Douglas v. Martel,* 2003 ME 132, ¶ 9, 835 A.2d 1099, 1101. Maine Rules of Civil Procedure 16 and 16B clearly state that the failure to comply with a scheduling order may lead to sanctions, including dismissal of the action. M.R. Civ. P. 16(d), 16B(*l*); see also M.R. Civ. P. 16 Advisory Committee's Note to 1980 amend.

 [¶ 7] Our decisions have also emphasized the need for compliance with scheduling orders, and we have approved sanctions when conduct frustrates the discovery and trial processes. *See Johnson v. Carleton,* 2001 ME 12, ¶ 10, 765 A.2d 571, 574; *see also Spickler v. York,* 566 A.2d 1385, 1388 (Me.1989). Sanctions are also appropriate when non-compliance with scheduling orders frustrates the purpose of the alternative dispute resolution process.

[¶ 8] In this case, Merrifield's conduct impeded the alternative dispute resolution

process, and he offers little to suggest that his failure to comply with the order was the result of excusable neglect.[2] Accordingly, the court did not exceed the bounds of its discretion in denying Merrifield's motion.

The entry is:

Judgment affirmed.

[2] Counsel's failure to record the day by which the court had to be notified as to the ADR process is not conduct which rises to the level of excusable neglect under M.R. Civ. P. 60(b)(1). *See Maroon Flooring, Inc. v. Austin,* 2007 ME 75, ¶ 9, 927 A.2d 1182, 1184 (stating "a mere mistake by a party's attorney does not rise to the level of excusable neglect"); *see also Begin v. Jerry's Sunoco, Inc.,* 435 A.2d 1079, 1083 (Me.1981) (stating "[n]or does a mere palpable mistake by counsel or by counsel's staff constitute excusable neglect"). Nor does counsel's conduct warrant relief pursuant to M.R. Civ. P. 60(b)(6). *See Ezell v. Lawless,* 2008 ME 139, ¶ 29, 955 A.2d 202, 209 (stating "Rule 60(b)(6) relief may be granted when there are extraordinary circumstances and the party seeking relief is without fault") (quotation marks omitted).