MLR/SC#127-17

STATE OF MAINE                                   SUPERIOR COURT
YORK, ss                                         CIVIL ACTION
                                                 DOCKET NO. CV-14-058

MAURA PRICE, M.D.,

       Plaintiff

v.                                               ORDER ON DEFENDANT'S MOTION
                                                 FOR RECONSIDERATION
SOUTHERN MAINE
HEALTH CARE,

       Defendant

Before the court is defendant Southern Maine Health Care's (SMHC) motion for reconsideration and stay. For the following reasons, the motion is denied.

FACTS

Plaintiff Maura Price filed a complaint on March 17, 2014 and an amended complaint on December 3, 2014. In the amended complaint, plaintiff alleged that defendant Elisabeth Del Prete, who is employed by defendant SMHC, viewed plaintiff's electronic medical record without her consent and publicized information in plaintiff's record to defendant Lisa Gouldsbrough. (Am. Compl. ¶¶ 6, 27-31.) Plaintiff brought claims of invasion of privacy and permanent injunction against defendants Del Prete and Gouldsbrough; tortious interference with business relationships against defendant Del Prete; negligent infliction of emotional distress against defendants Del Prete and SMHC; and negligence against defendant SMHC.

On March 31, 2014, defendant SMHC filed a motion to dismiss or to stay. Defendants Del Prete and Gouldsbrough filed a motion to dismiss on April 4, 2014. In both motions, defendants argued, among other things, that plaintiff's claims are governed by the Maine Health Security Act (MHSA), and that plaintiff had failed to comply with the MHSA's notice and pre-litigation screening panel requirements. The court denied the motions on August 27, 2014. In

1

relevant part, the court held that plaintiff's claims were not governed by the MHSA because her claims did not "arise out of the provision or failure to provide health care services." 24 M.R.S. § 2502(6) (2015); (8/27/14 Order 3.)

Defendant SMHC filed a motion for summary judgment on February 29, 2016. Defendants Del Prete and Gouldsbrough filed a motion for summary judgment on April 14, 2016. On July 22, 2016, the court granted defendant SMHC's motion as to plaintiff's negligence claim and denied it as to her negligent infliction of emotional distress claim. The court granted defendants Del Prete and Gouldsbrough's motion on all counts.

On October 7, 2016, defendant SMHC filed a motion for reconsideration of the court's August 27, 2014 order denying defendants' motions to dismiss. Plaintiff filed an opposition on October 25, 2016. Defendant filed a reply on November 8, 2016.

DISCUSSION

1. Standard of Review

"Motions for reconsideration of an order shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). The court treats a motion for reconsideration as a motion to alter or amend the judgment. M.R. Civ. P. 59(e). The court does not grant a motion to alter or amend the judgment "unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." Cates v. Farrington, 423 A.2d 539, 541 (Me. 1980).

2. Motion for Reconsideration

Defendant SMHC argues that, since the court issued its August 27, 2014 order, plaintiff has elicited testimony from witnesses, which supports defendant SMHC's position that ensuring medical privacy is integral to the provision of health care services. (Def.'s Mot. Recons. 5-8.)

2

The MHSA requires that all actions for professional negligence be submitted to a pre-litigation screening panel. 24 M.R.S. § 2853 (2015). "Action for professional negligence" is defined as "[a]ny action for damages for injury or death against any health care provider, its agents or employees, or health care practitioner, his agents or employees, whether based upon tort or breach of contract or otherwise, arising out of the provision or failure to provide health care services." 24 M.R.S. § 2502(6).

In its August 27, 2014 order, the court reasoned that plaintiff's claims did not arise out of the provision of health care services because there was no claim that the actual health care services provided by defendant SMHC to plaintiff as part of her diagnosis and treatment deviated from the standard of care. (8/27/14 Order 3.) In its motion for reconsideration, defendant SMHC cites to testimony from its Director of Health Information Management and Privacy Officer, Jeffrey Butler, defendant Del Prete, defendant Gouldsbrough, and plaintiff's expert, Linda Duggan-Johnson, that confidentiality of medical records has some effect on the quality of health care services. (Def.'s Mot. Recons. 5-6.) Plaintiff counters that data management is performed by information management employees, not physicians. (Pl.'s Opp'n to Def.'s Mot. Recons. 5-6.)

The deposition testimony on which defendant SMHC relies in its motion for reconsideration was taken on January 14, 2015 (Del Prete), March 23, 2015 (Gouldsbrough), April 22, 2015 (Butler), and October 29, 2015 (Duggan-Johnson). (Pl.'s Opp'n to Def.'s Mot. Recons. 3-4 n.4.) Plaintiff's amended expert designation for Ms. Duggan-Johnson was dated September 25, 2015. Accordingly, the information could have been incorporated in a motion filed by the February 29, 2016 deadline for this type of motion. Further, the information could have been incorporated in defendant SMHC's motion for summary judgment filed February 29, 2016. In that motion, defendant SMHC did not argue that the MHSA controlled this case.

3

Further, this testimony and expert designation was not "new material." M.R. Civ. P. 7(b)(5). In its motion for reconsideration, defendant SMHC admits it argued "a close connection between the privacy of medical information and the effectiveness of health care" in its initial motion to dismiss or stay filed March 31, 2014. (Def.'s Mot. Recons. 4-5; but see Def.'s Mot. Recons. 1.) In fact, in the order denying the motion to dismiss or stay, the court noted that, "[w]hile the maintenance of confidentiality improves patient confidence, the claim is not related to the provision of services." (8/27/14 Order 3.)

As it does in its motion for reconsideration, defendant SMHC cited Brand v. Seider in its motion to dismiss or stay filed March 31, 2014. See Brand v. Seider, 1997 ME 176, ¶ 5, 697 A.2d 846 (continuing duty to treat information gained during the psychologist/patient period of treatment as confidential; plaintiff filed professional negligence action against psychologist); (Mot. Dismiss 4; Def.'s Mot. Recons. 3.) The court cited Brand but concluded that "the complaint must arise out of the provision or failure to provide health care services. This case does not." (8/27/14 Order 3.)

### 3. Plaintiff's Request for Sanctions

Plaintiff has requested sanctions on the ground that defendant SMHC's motion is untimely. (Pl.'s Opp'n to Mot. Recons. 3, 7.) The scheduling order, dated September 16, 2014, provides: "All motions, except motions *in limine* or those affecting the conduct of trial shall be filed pursuant to M.R. Civ. P. 7 not later than 30 days following the close of discovery." By order dated August 5, 2015, the court extended the discovery deadline to January 29, 2016. Defendant SMHC's motion for reconsideration was not filed until October 7, 2016. No motion to extend the time for filing motions accompanied the motion for reconsideration. In its motion for reconsideration or stay, filed more than two years after the court disagreed with defendant

4

SMHC's initial argument that the MHSA controls this case, defendant SMHC reargues its previously filed motion.

Based on these facts, an award of plaintiff's attorney's fees incurred in responding to defendant SMHC's motion is appropriate in this case. M.R. Civ. P. 16(d); Merrifield v. Hadlock, 2009 ME 1, ¶¶ 6-7, 961 A.2d 1107; see Johnson v. Carleton, 2001 ME 12, ¶ 10, 765 A.2d 571 ("We have emphasized the need for compliance with pretrial orders . . .").

CONCLUSION

Defendant SMHC's motion is reargument. The motion was filed more than seven months after the motion deadline and more than two years after the court rejected defendant SMHC's initial argument that the MHSA controlled this case and required a dismissal or stay. The doctrine of the law of the case, which promotes the interest of finality, does not support overruling or reconsidering the August 27, 2014 decision. See Monopoly, Inc. v. Aldrich, 683 A.2d 506, 510 (Me. 1996). Plaintiff is awarded her attorney's fees incurred in responding to defendant SMHC's motion for reconsideration and stay.

The entry is

> Defendant SMHC's Motion for Reconsideration and Stay is DENIED.
>
> Within 21 days of the date of this order, Plaintiff's attorney will file an affidavit of attorney's fees and costs incurred in responding to Defendant's Motion for Reconsideration and Stay. In the affidavit, Plaintiff's attorney shall address the factors specified in Gould v. A-1 Auto, Inc., 2008 ME 65, ¶ 13, 945 A.2d 1225 and shall include the language required by M.R. Civ. P. 7(b)(1)(A).

Date: December 22, 2016

Nancy Mills
Justice, Superior Court

5