STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-95

DULUTH TEACHERS
CREDIT UNION,

    Plaintiff

v.

BENITA K. FULLER
and MARK FUGELSO,

    Defendants

ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

STATE OF MAINE
Cumberland, ss. Clerk's Offic

JUN 13 2017 1:14pm

RECEIVED

Before the court is plaintiff's motion for summary judgment. In count I, plaintiff alleges breach of contract against defendant Benita Fuller. In count II, plaintiff alleges breach of contract against defendant Mark Fugelso. The allegations against both defendants arise out of credit card debt allegedly owed to plaintiff. For the following reasons, the motion is denied.

FACTS

In 1994, defendant Fugelso applied and was approved for a Visa credit card from plaintiff. (Pl.'s S.M.F. ¶ 1.) Defendant Fugelso failed to make payments when due and plaintiff sent him a right to cure notice. (Id. ¶ 3.) Because defendant Fugelso failed to cure the default, plaintiff instituted this action. (Id. ¶ 4.) Plaintiff claims it accelerated all amounts due under the agreement; defendant Fugelso disputes this allegation. (Id. ¶ 4; Opp. S.M.F. ¶ 4.)

In 1997, defendant Fuller applied and was approved for a Visa credit card from plaintiff. (Pl.'s S.M.F. ¶ 7.) Defendant Fuller failed to make payments when due and plaintiff sent her a right to cure notice. (Id. ¶ 9.) Because defendant Fuller failed to cure the default, plaintiff instituted this action. (Id. ¶ 10.) Plaintiff claims it accelerated all amounts due under the

1

agreement; defendant Fuller disputes this. (Id. ¶ 10; Opp. S.M.F. ¶ 10).

Both defendants dispute the accuracy of the different "Amount Now Due" figures in the complaint, plaintiff's statement of material facts and supporting affidavit, and the right to cure notice sent to each defendant. (Id. ¶¶ 5, 11; Pl.'s Ex. B, E; Pl.'s Compl. ¶¶ 5, 8.) Defendants argue that the basis for the amounts due are the plaintiff's business records and plaintiff has not laid the proper foundation for consideration of the records. M.R. Evid. 803(6); (Defs.' Br. 2-3.)

DISCUSSION

1. Standing

Plaintiff may maintain a civil proceeding in Maine despite not being registered in Maine. 13-C M.R.S. §§ 1501(1)-(2)(A), (2)(K); 1502(1) (2017); (Defs.' Br. 6.)

2. ADR

Defendants argue that plaintiff's motion for summary judgment is premature because alternative dispute resolution required under the standard scheduling order has not yet been completed. (Defs.' Mem. 1-2.) Nothing in the rules provides for a moratorium on filing dispositive motions prior to the completion of alternative dispute resolution. M.R. Civ. P. 16B(c) ("Motions and discovery practice shall proceed in accordance with these rules while an alternative dispute resolution process is being scheduled and held."); M.R. Civ. P. 56. Sanctions are the proper remedy for non-compliance with scheduling orders. M.R. Civ. P. 16; see also Merrifield v. Hadlock, 2009 ME 1, ¶¶ 6-7, 961 A.2d 1107.

3. Dahlgren-Ballew Affidavit

Defendants argue that the affidavit of Ms. Dahlgren-Ballew does not provide sufficient foundation to permit consideration of the referenced business records. Business records kept in the course of regularly conducted business may be admissible notwithstanding the hearsay rule if

2

the necessary foundation is established "by the testimony of the custodian or other qualified witness." M.R. Evid. 803(6). "A qualified witness is one who was intimately involved in the daily operation of the [business] and whose testimony showed the firsthand nature of his knowledge." HSBC Mortg. Servs. v. Murphy, 2011 ME 59, ¶ 10, 19 A.3d 815 (quoting Bank of Am., N.A. v. Barr, 2010 ME 124, ¶ 19, 9 A.3d 816) (quotation marks omitted). On a motion for summary judgment, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." M.R. Civ. P. 56(e).

A record of an act, event, condition, opinion, or diagnosis is not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness, if:

(a) The record was made at or near the time by–or from information transmitted by–someone with knowledge;

(b) The record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(c) Making the record was a regular practice of that activity;

(d) All these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11), Rule 902(12) or with a statute permitting certification; and

(e) Neither the source of information nor the method or circumstances of reparation indicate a lack of trustworthiness.

M.R. Evid. 803(6); Murphy, 2011 ME 59, ¶ 10, 19 A.3d 815. In her affidavit, Ms. Dahlgren-Ballew states:

> I am the Vice President of Lending for the plaintiff, Duluth Teachers Credit Union (the "Credit Union"). I have worked for the Credit Union for 1.6 years. In my capacity I am familiar with the Credit Union's practices and procedures regarding the making of consumer loans, execution and storage of documents, receipt and accounting of payments, and enforcement of the terms of the loans. The business records associated with the making and enforcement of a consumer loan include a promissory note or loan agreement, a right to cure notice, and computer entries evidencing terms of a loan and a payment history. It is the regular practice of the Credit Union to make such records, which are kept in the ordinary course of the Credit Union's

3

business, which are made by persons with actual knowledge or from information transmitted by persons with actual knowledge of such transactions, and which are made at or near the time of the events recorded therein. All documents attached to this affidavit meet the above criteria.

(Dahlgren-Ballew Aff. ¶ 1.) Aside from quoting the requirements of the rule, Ms. Dahlgren-Ballew states her title and length of employment with plaintiff, identifies the records associated with making and enforcing a consumer loan, and states that she "is familiar with the Credit Union's practices and procedures" with regard to various activities. (Id.) This foundation is insufficient to satisfy the requirements of Rule 803(6). The testimony does not show that Ms. Dahlgren-Ballew was intimately involved in the daily operation of plaintiff's business and does not show the firsthand nature of her knowledge. See Murphy, 2011 ME 59, ¶ 10, 19 A.3d 815; see also JPMorgan Chase Bank, N.A. v. Lowell, 2017 ME 32, ¶¶ 3, 10, 156 A.3d 727; Ocean Cmtys. Fed. Credit Union v. Roberge, 2016 ME 118, ¶¶ 10-11, 144 A.3d 1178; Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶ 26, 96 A.3d 700; Bank of Me. v. Hatch, 2012 ME 35, ¶¶ 8-9, 38 A.3d 1260; Beneficial Maine Inc. v. Carter, 2011 ME 77, ¶ 15, 25 A.3d 96.[1]

The entry is

Plaintiff's Motion for Summary Judgment is DENIED.

Date: June 13, 2017

Nancy Mills
Justice, Superior Court

---

[1] Defendants' arguments regarding inconsistencies and acceleration involve consideration of the business records and are not addressed.

   

Case Search   Open Financials   Print Docket   Reports/Forms

Filter attorneys for party:   - All Parties -

| Attorney | Party | Representation Type | Representation Date |
|---|---|---|---|
| Brooks, Christopher | Duluth Teachers Credit... | Retained | 01/27/2017 |
| Randall, Mark | Mark Fugelso - 3 Defen... | Retained | 02/21/2017 |
| Kearns, Mark | Mark Fugelso - 3 Defen... | Retained | 02/21/2017 |
| Kearns, Mark | Benita K Fuller Aka Fug... | Retained | 02/21/2017 |
| Randall, Mark | Benita K Fuller Aka Fug... | Retained | 02/21/2017 |