2011 ME 69

**Russell S. McALLISTER**

v.

**Christiane S. McALLISTER.**

Supreme Judicial Court of Maine.

Argued: April 13, 2011.
Decided: June 23, 2011.

---

Robert E. Mittell, Esq. (orally), MittelAsen, LLC, Portland, ME, for Russell S. McAllister.

John L. Ahlgren, Esq. (orally), Ahlgren Perrault & Pudloski, P.A., Portsmouth, NH, for Christiane S. McAllister.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

MEAD, J.

[¶ 1] Russell S. McAllister appeals from the District Court's (York, *O'Neil, J.*) order granting Christiane S. McAllister's motion to modify the parties' 2005 divorce judgment. The court ordered Russell to pay an additional thirty-six months of spousal support. Russell argues on appeal that the court (1) made an error of law by modifying a division of marital property; (2) abused its discretion in modifying spousal support based on a substantial change in circumstances; and (3) abused its discretion by granting relief pursuant to M.R. Civ. P. 60(b)(6). Because we find that Christiane was entitled to relief on the basis of a substantial change in circumstances, the grant of relief pursuant to Rule 60(b)(6) was harmless error, and we affirm the judgment.

## I. BACKGROUND

[¶ 2] Christiane McAllister and Russell McAllister were married on July 21, 1990, and separated in May 2003. The court (*J.D. Kennedy, J.*) entered a final divorce judgment on August 30, 2005. The parties were allocated shared parental rights and responsibilities with regard to their then-minor daughter. The daughter's primary residence was to be with Christiane, and the court ordered Russell to pay child support.

[¶ 3] The court divided the marital property and debts between the parties. Christiane was awarded the exclusive use and possession of the marital home in Eliot, although the property was to be held as a tenancy in common. The court intended that Christiane be able to stay in the home until their daughter graduated from high school and, accordingly, awarded her monthly spousal support that would cover the house expenses until October 2009. The parties' daughter was expected to have completed secondary school in 2009, and therefore Christiane was to have the house appraised by August 1, 2009, and refinance it in her name no later than November 1, 2009. If Christiane could not

refinance the house by November 1, the house was to be listed for sale for its fair market value at the time. Upon the sale of the house, after satisfying the outstanding balance of the mortgage, real estate taxes, and any other debt encumbrances or other costs, the first $63,000 of any remaining proceeds was to go to Christiane "in lieu of alimony." The next $3529 was to go to Russell to reimburse him for 50% of a marital credit card debt he was required to pay; then, additional funds were to go to Russell as reimbursement for any overpayment he made as a result of the court's order concerning retroactivity, and the remainder was to be split evenly between the parties.

[¶ 4] Christiane had the property appraised in August 2009, and multiple opinions assigned the house a value of $325,000 in "as is" condition. Christiane put the house on the market in October 2009 at an asking price of $369,000. The mortgage at that time was $292,000; if the house were to sell at the full fair market value of $325,000, she estimated that the net proceeds would amount to $8000 or less after the mortgage debt was satisfied and other tax and fee obligations were met.

[¶ 5] Christiane filed a motion to modify the divorce judgment on October 29, 2009, but did not cite any statute or rule as grounds for relief in her motion. She asserted that she was unable to pay her normal living expenses after spousal support terminated, and asked the court to modify the spousal support order by (1) continuing Russell's obligation to pay spousal support at $1700 per month until $63,000 had been paid with interest; (2) ordering Russell to pay a lump sum spousal support payment of $63,000; or (3) ordering Russell to continue paying some

spousal support and assume responsibility for paying the mortgage.[1] At the time of the hearing, Christiane had missed several payments because she had been using the spousal support payments to pay the mortgage, and she had received a default letter.

[¶ 6] The court (*O'Neil, J.*) held a hearing at which both Christiane and Russell testified. At the time of the hearing, Christiane had not received any offers on the house. Christiane testified that she felt it was important to stay in the house to provide stability for their daughter. Russell testified that he worked as a town manager right after the divorce, but has been working for private and governmental employers in Iraq for the past several years to generate additional funds to pay down his substantial debt. Russell testified that he had not attempted to improve their equity in the house and just wanted to be removed from the mortgage.

[¶ 7] The court granted Christiane's motion, invoking M.R. Civ. P. 60(b)(6), and ordered modification of the divorce judgment. The court found that the drop in the value of the house "was not due to actions of [Christiane] but rather market forces and the court's intent that the marital home remain available to the [parties'] child." The court ordered Russell to pay $1750 per month for an additional thirty-six months, giving him credit for payments he had made toward Christiane's credit card and her share of the guardian ad litem's fees. Russell was ordered to continue listing the home for sale. The court's order required that if and when the house sold, any resulting equity that would have constituted some of the anticipated $63,000 would be credited against Russell's modified support obligation.

1. Christiane also asked the court to require Russell to continue providing health insurance for, and to pay any medical expenses incurred by, the parties' disabled adult daughter. The court denied the motion as to the insurance and medical bills for the daughter, and Christiane does not appeal this decision.

## II. DISCUSSION

### A. Authority to Modify the Divorce Judgment

■ [¶ 8] The parties disagree on whether the $63,000 allocation to Christiane in the divorce judgment was part of a property distribution or spousal support. Russell argues that the allocation was a property distribution and that the court erred by modifying it. *See Wardwell v. Wardwell*, 458 A.2d 750, 752 (Me.1983) ("[C]ourts are without jurisdiction to [modify a judgment dividing marital property]."). Christiane argues that the allocation was part of the divorce court's award of spousal support and therefore it could be modified. Spousal support provisions may be modified as authorized by statute. 19–A M.R.S. § 951–A(4) (2010). Although an original divorce judgment may contain a non-modification provision to prevent modification of spousal support, *see Hale v. Hale*, 604 A.2d 38, 41 (Me.1992), the parties here agree that their divorce judgment contained no such provision, and the spousal support award is subject to modification.

[¶ 9] The final divorce judgment stated,

> The allocation of the entire $63,000 in current equity value to Ms. McAllister shall be deemed an allocation of property *in lieu of any alimony* obligation on or after October 1, 2009 and the court determines that this allocation is grounds for a deviation from the presumptive period of general spousal support payments pursuant to 19–A MRSA § 951–A(2)(A)(1).

(Emphasis added.) In a footnote, the court further addressed the nature of the $63,000 award:

> [Christiane's] Motion for Reconsideration suggests this allocation is a post-judgment allocation of property, outside of the court's jurisdiction. The court disagrees. It is delaying the sale of the marital property until after the minor child's graduation, and clearly has that authority, and could order that all of the proceeds then be divided equally. . . . It is slightly adjusting this approved practice by ensuring that Ms. McAllister receives the $63,000 the court awards *in lieu of general spousal support*, and the balance of any increase in the equity be divided equally.

(Emphasis added.) The specific language used by the court and its reference to 19–A M.R.S. § 951–A(2)(A)(1) (2010)[2] demonstrate the court's intent to award Christiane general support through two different modalities: first, through monthly payments of an amount sufficient to allow her to maintain the marital home, and second, through a lump sum award once the perceived need to maintain the home had ended.

■ [¶ 10] Because the $63,000 allocation to Christiane is a form of spousal support, contrary to Russell's assertion, the court had the authority to modify this part of the final divorce judgment. *See*

---

2. As the District Court noted, Russell and Christiane were married for fifteen years. Title 19–A M.R.S. § 951–A(2)(A)(1) (2010) contains a rebuttable presumption that general support may not be awarded for a term exceeding half the length of the marriage if the length of the marriage was between ten and twenty years. Therefore, there was a rebuttable presumption that the maximum term of general support was ninety months. The divorce judgment awarded spousal support in the amount of $1700 per month for fifty-seven months. An additional $63,000 in support would slightly exceed support at a rate of $1700 per month for the remainder of the presumptive maximum period. The court cited the allocation as grounds for "a deviation for the presumptive period of general spousal support payments." Additionally, the court expressly noted that the $63,000 was awarded in lieu of additional spousal support.

19–A M.R.S. § 951–A(4) ("An award of spousal support is subject to modification when it appears that justice requires....").

## B. Substantial Change in Circumstances

 [¶ 11] Russell argues that the house's decrease in value was not an adequate basis for modifying spousal support pursuant to 19–A M.R.S. § 951–A(4). We review modifications of a spousal support order for an abuse of discretion and consider the following questions: (1) whether factual findings, if any, are supported by the record pursuant to the clear error standard; (2) whether the court understood the law applicable to its exercise of discretion; and (3) given the facts and applying the law, whether the court "weigh[ed] ... the applicable facts and [made] choices within the bounds of reasonableness." *Pettinelli v. Yost*, 2007 ME 121, ¶ 11, 930 A.2d 1074, 1077–78.

 [¶ 12] A court may modify spousal support "if there is a substantial change in circumstances affecting the payor's ability to pay spousal support and the payee's need for spousal support." *Id.* ¶ 14, 930 A.2d at 1079 (quotation marks omitted). Here, the court concluded that had the court known at the time of issuing the divorce judgment that $63,000 in equity would not be available to Christiane in the future, the divorce judgment would have been structured differently. The court found that this loss of equity was a substantial and unanticipated change in circumstances.

[¶ 13] Christiane testified that she had sparse savings, and she could not afford to move if the mortgage company foreclosed on the house. Even if the house sold for $325,000, which the appraisals indicated

was its fair market value, Christiane would receive little or no net proceeds at closing. Therefore, Christiane was in a much different position than she had been at the time of the divorce. *See Ellis v. Ellis*, 2008 ME 191, ¶ 16, 962 A.2d 328, 333 (finding a substantial change in circumstances where one party had a substantial increase in debt and decrease in earnings, making his financial position "increasingly difficult"). The court did not err in finding that the decline in the value of the house constituted a substantial change in circumstances.[3]

[¶ 14] Russell argues that this change in circumstances was not unanticipated. While it may be reasonable to expect a degree of volatility in real estate prices, the divorce judgment did not suggest that Christiane exclusively should bear the risk of market fluctuations. Neither Christiane nor Russell sought to refinance the mortgage, sell the house in a more favorable market, or otherwise improve their equity in the house even though they both had an interest in the house. The clear expectation at the time of the divorce was that an additional $63,000 would be available to Christiane when she sold the house. Unlike in *Largay v. Largay*, 2000 ME 108, 752 A.2d 194, which Russell cites in support of his argument, the support provisions of the final divorce judgment were not predicated upon an expectation that Christiane would be financially independent at the time of the sale of the house, and Christiane's later need for an alternative source for the $63,000 was not the result of some circumstance of her own making. *See id.* ¶ 15, 752 A.2d at 198.

[¶ 15] Because the court properly found that the significant drop in value of

---

**3.** Russell also argues that the court improperly considered the length of the marriage in modifying spousal support. We find this argument to be without merit; the court mentioned the length of the marriage in explaining how the divorce court intended to have $63,000 available to Christiane as additional support.

the house justified modifying the divorce judgment, it was well within the court's discretion to modify the spousal support provisions of the judgment based on that substantial change in circumstances.

## C. Rule 60(b)(6) Relief

[¶ 16] Russell argues that the court abused its discretion by granting relief pursuant to M.R. Civ. P. 60(b)(6) because Christiane's motion did not cite Rule 60(b) as a ground for relief or allege facts sufficient to generate consideration of Rule 60(b) relief. We review the grant of relief pursuant to Rule 60(b) for an abuse of discretion. *See Ezell v. Lawless,* 2008 ME 139, ¶ 19, 955 A.2d 202, 207.

[¶ 17] In this case, Christiane cited neither Rule 60(b)(6) nor 19–A M.R.S. § 951–A(4) in her motion to modify. She alleged simply that there had been a substantial change of circumstances based on the likely unavailability of net proceeds in the sale of the home due to the downturn in the economy and sought a modification of spousal support upon those facts. Christiane's motion did not allege facts sufficient to permit the court to invoke Rule 60(b)(6) relief on its own, *see Wardwell,* 458 A.2d at 753. However, having determined that the allocation of the $63,000 was part of the spousal support award and that there was a substantial change in circumstances to warrant modification of spousal support, we conclude that the reliance on Rule 60(b)(6) was harmless error. *See* M.R. Civ. P. 61; *see also Moores v. Doyle,* 2003 ME 105, ¶ 14, 829 A.2d 260, 264. Identical relief was available to Christiane pursuant to the basis asserted in her motion—a substantial change in circumstances. As Russell had notice and a full opportunity to contest the proper grounds for relief in this case, he was not prejudiced by the court's erroneous invocation of Rule 60(b)(6).

The entry is:

Judgment affirmed.