MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2025 ME 69
Docket:       Kno-24-327
Submitted
  On Briefs:  March 18, 2025
Decided:      July 29, 2025

Panel:        STANFILL, C.J., and MEAD, HORTON, and LAWRENCE, JJ.

DEBORAH A. CHATFIELD

v.

ESTATE OF FREDERICK H. CHATFIELD JR.

LAWRENCE, J.

[¶1]  The Estate of Frederick H. Chatfield Jr. appeals from the denial of Frederick H. Chatfield Jr.'s motion for relief from the divorce judgment granting a divorce to Frederick[1] and Deborah A. Chatfield.  *See* M.R. Civ. P. 60(b).  The Estate argues that the District Court (Rockland, *E. Walker, D.C.J.*) erred when it denied Frederick's motion for relief from judgment for three reasons: (1) the court erred in determining that the property at issue was marital; (2) the court did not have jurisdiction over the property because it should have been classified as nonmarital; and (3) the court erred when it concluded that Deborah's belief that the disputed property was marital in nature, if shown to

---

[1] Because the parties to the underlying divorce action share a last name, this opinion will refer to the parties using their first names.

2

be wrong, would not be the type of mistake that could form the basis for an award of relief pursuant to Rule 60(b).  We disagree and affirm.

## I.  BACKGROUND

### A.    Procedural Background

[¶2]  Frederick and Deborah were married on June 28, 2002.  Deborah filed for divorce on July 14, 2021.  Frederick was initially represented by counsel but the attorney-client relationship broke down and his counsel withdrew in December 2021, after which Frederick represented himself.  The court held a final hearing on August 23, 2024, at which only Deborah testified because Frederick failed to appear.  Two days later, the court entered a divorce judgment in which it found, inter alia, that certain real estate in Rockport was the parties' marital property.  The judgment ordered the sale of the property. Frederick did not file a motion for further findings of fact and conclusions of law and did not appeal from the divorce judgment.

[¶3]  Upon learning that Deborah had listed the Rockport real estate for sale, Frederick retained counsel, who timely moved for relief from judgment pursuant to M.R. Civ. P. 60(b).[2]  Specifically, Frederick alleged that he was

---

[2]  M.R. Civ. P. 60(b) provides that the "motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered

entitled to relief from the operation of the judgment based on reasons (1), which permits relief where there is a "mistake"; (3), which permits relief in the event of fraud, misrepresentation, or other misconduct of an adverse party; (4), which permits relief where a lack of jurisdiction rendered the judgment void; or (6), the "catch-all provision," which allows relief for any other reason that justifies the relief. After a hearing, the court denied the motion on July 8, 2024.

[¶4] Frederick timely appealed from the denial of his Rule 60(b) motion. *See* M.R. App. P. 2B(c)(1). While his appeal was pending, Frederick died; his counsel filed a suggestion of death and moved to substitute the personal representative of Frederick's estate for Frederick. We granted the motion to substitute parties. Because Frederick died after the parties submitted briefing, we requested, and the parties provided, supplemental authorities on whether the appeal of the denial of a party's M.R. Civ. P. 60(b) motion from a divorce judgment is moot when a party dies during the pendency of the appeal.

---

or taken." Frederick's motion relied upon reasons (1), (3), (4), and (6). Frederick's Rule 60(b) motion was filed on April 29, 2024, eight months and five days after the entry of the divorce judgment.

4

## B.     Factual Background

[¶5]   The following facts, which are drawn from the court's judgment denying Frederick's motion for relief, are supported by competent evidence in the record. *See In re Children of Jessica J.*, 2020 ME 32, ¶ 15, 277 A.3d 573.  The divorce court found that the Rockport real estate was marital based on a warranty deed dated May 22, 2006, transferring the property from the collective ownership of Frederick and three of his siblings to the sole ownership of Frederick, as well as Deborah's testimony that the home was marital property because it was acquired during the marriage.  In the divorce judgment, Deborah was given sole authority over the sale of the home.  Frederick did not rebut or challenge Deborah's testimony because he was not present at the divorce hearing, and Frederick did not file a motion for further findings of fact after the divorce judgment was entered.   Moreover, at the hearing on Frederick's motion for relief from judgment, the court did not find credible his testimony that he never received notice of the final divorce hearing.[3]

[¶6]   In denying Frederick's Rule 60(b) motion, the court found as a preliminary matter that Frederick "did not take the necessary steps to protect

---

[3] The court did find credible one portion of Frederick's testimony on the issue of notice and that was his assertion that, since 1997, he had consistently received his mail at his post office box in

his interest in the original proceedings and has provided no justification for his failure to participate." The court then determined that Frederick was not entitled to relief from judgment for any of the asserted reasons (mistake; fraud, misrepresentation, or misconduct; lack of jurisdiction; or any other reason).

## II. DISCUSSION

[¶7] "We review the denial of a M.R. Civ. P. 60(b) motion for abuse of discretion. Review for an abuse of discretion involves resolution of three questions: (1) are factual findings, if any, supported by the record according to the clear error standard; (2) did the court understand the law applicable to its exercise of discretion; and (3) given all the facts and applying the appropriate law, was the court's weighing of the applicable facts and choices within the bounds of reasonableness. A party who moves for relief from a judgment bears the burden of producing competent evidence to support his motion, and we will vacate factual findings that are adverse to the party with the burden of proof only if the record compels a contrary conclusion." *Haskell v. Haskell*, 2017 ME 91, ¶ 12, 160 A.3d 1176 (citations and quotation marks omitted).

---

Rockport. The court specifically noted that during the divorce action, court notices had been sent to Frederick via his post office box in Rockport.

[¶8]   Before proceeding further in our discussion of this case, we must put it in perspective in two respects.  First, Frederick appeals from the denial of his motion for relief from judgment—not from the underlying judgment of divorce.  Next, our recent decision in *Weinle v. Estate of Tower*, 2025 ME 62, --- A.3d ---, overruled our holding in *Panter v. Panter*, 499 A.2d 1233, 1233 (Me. 1985), in which we dismissed the appeal from a divorce action because the rule was that the death of a party during the pendency of an appeal mooted the divorce judgment and abated the underlying divorce action.  *Weinle* means that a party's death during the pendency of an appeal from a divorce judgment does not abate the judgment in regard to the parties' property rights.

[¶9]  Frederick's appeal from the denial of his Rule 60(b) motion survives his death during the pendency of the appeal, just as it would were it an appeal from the divorce judgment itself.  Because Frederick challenged only the division of property in the divorce, were we to vacate the court's denial of Frederick's Rule 60(b) motion and remand the matter for further action, that would affect only the award of property rights and not the entire divorce judgment.  In other words, the only issues to be addressed on remand here would be those concerning property interests, and *Weinle* therefore would

apply tangentially to maintain the justiciability of Frederick's motion for relief from the judgment.[4]

[¶10] We therefore proceed to consider the merits of the Estate's appeal. Our Rule 60(b) jurisprudence "presupposes that a party has performed his duty to take legal steps to protect his own interests *in the original litigation. . . .* We have repeatedly stated that a motion for relief pursuant to Rule 60(b) is not a substitute for a direct appeal . . . .  The principles of res judicata bar relief under Rule 60(b) when, as here, the aggrieved party has failed to challenge the validity of the underlying judgment on direct appeal."  *McKeen & Assocs. v. Dep't of Transp.*, 1997 ME 73, ¶ 4, 692 A.2d 924 (alterations, citations, and quotation marks omitted); *see also Ezell v. Lawless*, 2008 ME 139, ¶ 29, 955 A.2d 202 ("Dilatory conduct in failing to promptly appeal adverse judgments does not justify Rule 60(b) relief." (quotation marks omitted)).

---

[4] In Deborah's supplemental briefing, she contends that *Panter v. Panter*, 499 A.2d 1233, 1233 (Me. 1985), requires the dismissal of this appeal because "[r]elief from this judgment, if granted, cannot restore the former marital status of these parties for a new trial . . . and divorce is no longer possible."

Contrary to Deborah's contention, this matter is distinguishable from *Panter* because it is an appeal of a post-judgment motion rather than an appeal of a divorce judgment that has been stayed pending appeal.  At the time of Frederick's death, the appeal period for the divorce judgment had expired without an appeal being filed, rendering the parties' divorce judgment final.

In light of *Weinle v. Estate of Tower*, 2025 ME 62, --- A.3d ---, *Panter* would be inapplicable in any case.  *See supra* ¶ 9.

8

[¶11]   Here, the court did not abuse its discretion when it denied Frederick's motion for relief from judgment for any of the asserted reasons. The motion court's factual findings were supported by Deborah's testimony and corroborative documentary evidence.  *See Haskell*, 2017 ME 91, ¶ 12, 160 A.3d 1176; *Nou v. Huot*, 2025 ME 44, ¶ 22, 335 A.3d 603 ("We defer to the trial court's determination of witnesses' credibility and its resolution of conflicts in testimony." (quotation marks omitted)).  The motion court found that Frederick did not meet his burden to produce competent evidence to overcome the divorce court's findings as to the marital nature of the property.  *See Haskell*, 2017 ME 91, ¶ 12, 160 A.3d 1176.  The court understood the law applicable to its exercise of discretion.[5]  *See id.*; *Copp v. Liberty*, 2003 ME 43, ¶ 8, 818 A.2d

---

[5]  To the extent that the court misunderstood the law applicable to "mistake" as a basis for relief under M.R. Civ. P. 60(b)(1), we conclude that any error was harmless.  Rule 60(b)(1) "[r]elief is obtainable whether the neglect or inadvertence or mistake is that of the moving party, of the court, or of a third party."  3 Harvey & Merritt, *Maine Civil Practice* § 60:6 (3d. ed.), Westlaw (database updated Sept. 2024).

Although the court stated that Frederick's assertion that he was entitled to relief based on Deborah's purported mistake about the Rockport real estate being marital property was "an inaccurate representation of Rule 60(b)(1), as the relief from judgment under the rule based on mistake is to be used where the mistake was on the part of the moving party," the court added, "[e]ven if a claim of mistake was appropriate, [Frederick] showed no justification for failing to avoid the mistake."

To be clear, a mistake by Deborah about the Rockport real estate being marital property could theoretically be a basis for relief under Rule 60(b); however, on the facts here there was no mistake on Deborah's part.  Moreover, the court's misunderstanding does not rise to the level of an abuse of discretion because the court also found that Frederick without question failed to carry his burden. *See Laurel Bank & Tr. Co. v. Burns*, 398 A.2d 41, 44 (Me. 1979).

1050 ("[I]f a party seeks relief from judgment under subsection (b)(3), then facts must be claimed that would suggest fraud, misrepresentation, or misconduct has taken place that invalidates the original judgment."); *Wooldridge v. Wooldridge*, 2008 ME 11, ¶ 9, 940 A.2d 1082 ("Fraud requires clear and convincing proof that an advantage has been gained in the obtaining of a judgment by an act of bad faith whereby the court has been made an instrument of injustice." (quotation marks omitted)); 19-A M.R.S. § 953 (2025) (providing that the divorce court has jurisdiction to determine whether property is marital and to distribute accordingly);[6] *Ezell*, 2008 ME 139, ¶¶ 28-30, 955 A.2d 202 (explaining what the court must consider when evaluating whether to grant relief under reason (b)(6)). Finally, the court's weighing of the applicable facts and choices was within the bounds of reasonableness. *See Haskell*, 2017 ME 91, ¶ 12, 160 A.3d 1176. The court found, with support in the record, that Frederick did not protect his own interests when he failed to (1) appear for his divorce hearing despite receiving notice, (2) file a motion for further findings of fact and conclusions of law after

---

[6] Notwithstanding Frederick's assertion under Rule 60(b)(4), the motion court, based on the evidence before it, correctly found that the divorce court had jurisdiction over the Rockport property, as a part of the marital estate, and properly distributed that real estate as marital property rather than set it aside to Frederick as nonmarital property. *See* 19-A M.R.S. § 953(3) (2025).

entry of the divorce judgment, or (3) appeal from the divorce judgment.[7]  For the foregoing reasons, we conclude that there is no merit to Frederick's claims under Rule 60(b)(1), (3), (4), or (6).

[¶12]  As we have previously stated, Rule 60(b) "was not intended as an alternative method of appellate review, nor as a procedural means by which legal errors readily correctible on appeal may be challenged in a second round of litigation.  Laudable as is the goal of providing relief from injustices which Rule 60(b) contemplates, courts must strike a balance between that goal and the salutary policy of finality in litigation." *Reville v. Reville,* 370 A.2d 249, 254 (Me. 1977)*.*

### III.  CONCLUSION

[¶13]  We conclude that the court did not abuse its discretion or clearly err when it found that Frederick was not entitled to relief from judgment.

The entry is:

> Judgment affirmed.

---

[7]  Moreover, as of the time of the hearing on the Rule 60(b) motion, Frederick had established a pattern of nonattendance at court proceedings and noncompliance with court orders.  He appeared for some court conferences and hearings but not for others.  He openly defied court orders for payment of interim spousal support and the award of counsel fees.  He even went to the extreme of not paying these obligations, being found in contempt, being jailed several times for his contempt, and having to pay more than $18,000 to purge his contempt and be released from jail.  As this Court has observed, "a party who violates court rules or orders is not entitled to relief [pursuant to Rule 60(b)]." *Ezell v. Lawless*, 2008 ME 139, ¶ 29, 955 A.2d 202 (alteration omitted).

---

Joseph W. Baiungo, Esq., Belfast, for appellant Frederick Chatfield Jr. and the Estate of Frederick Chatfield Jr.

Joe Lewis, Esq., Port City Legal, Portland, and Gerald F. Petruccelli, Esq., Petruccelli, Martin & Haddow LLP, Portland, for appellee Deborah A. Chatfield

Rockland District Court docket number FM-2021-123
FOR CLERK REFERENCE ONLY