MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2026 ME 3
Docket:        Han-25-149
Submitted
  On Briefs:   November 25, 2025
Decided:       January 20, 2026

Panel:         STANFILL, C.J., and MEAD, CONNORS, DOUGLAS, and LIPEZ, JJ.

KATHLEEN L. JELLISON

v.

RALPH E. JELLISON JR.

CONNORS, J.

[¶1] Kathleen L. Jellison appeals from an order of the District Court (Ellsworth, *Harrigan, J.*) granting Ralph E. Jellison's motion for relief from judgment pursuant to M.R. Civ. P. 60(b). We hold that the trial court erred in granting Ralph's[1] motion because it was inconsistent with our mandate affirming the judgment.

## I. BACKGROUND

[¶2] Kathleen filed a complaint on August 8, 2019, seeking a divorce from Ralph. The District Court held a hearing on January 8, 2024, and issued a final divorce judgment on January 31, 2024.

---

[1] Because the parties share a last name, this opinion refers to them by their first names.

[¶3]  As part of the divorce judgment, the court incorporated the parties' agreement, which had been placed on the record:

> 2. **Real Estate/Verso 401K:** The parties agree, and the Court finds that there is marital real estate located . . . in Orland, Maine . . . . The parties agree that the value of the home, all of which is marital, is approximately $250,000 and . . . . that the property is subject to a home equity loan with a current balance of $45,823.58. The parties agree that the real estate and debt is set aside to [Kathleen] who shall indemnify and hold harmless [Ralph]  therefrom . . . . In exchange, the parties agree that the "Verso 401K" plan held in [Ralph's] name . . . with a balance of approximately $250,000 is likewise marital property but is hereby set aside to [Ralph] in its entirety. The parties agree and the Court finds that this agreement/exchange constitutes an equitable division of these two items of marital property between the parties.

[¶4] Simple calculations indicate that this is not an equal exchange in that the $250,000 home was encumbered with a mortgage of over $45,000.  As is also reflected above, however, the parties agreed, with the endorsement of the court, that this was an equitable division of those two items.  At trial, counsel for both parties stated that they "think that's roughly an equal – equal swap."

[¶5]  On February 13, 2024, Kathleen filed a motion to alter or amend the judgment under M.R. Civ. P. 59(e) and a motion for amended and additional findings of fact and conclusions of law under M.R. Civ. P. 52(b).  She sought to amend the provision related to the ownership of the house, the home equity, and the Verso 401(k), indicating that she did not believe that she had entered

into the agreement regarding the house and Verso account knowingly and voluntarily. She requested that Ralph be ordered to be held responsible for half of the home equity debt.[2] Ralph opposed the motion, and the court denied it on March 8, 2024, noting that the parties had agreed to the exchange of the home and the Verso account.

[¶6] In its March 8 order, the court did, however, note that it had made an error regarding provisions addressing retroactive spousal support and issued an amended judgment to correct that error. Critically for the purpose of the issue on appeal here, this March 8 order contained a new paragraph not contained in the original judgment. The additional paragraph provided:

> [Ralph] is ordered to pay to [Kathleen] the sum of $30,000 from the Verso 401k plan set aside to him . . . . [Kathleen], upon receipt, shall apply said sum to the principal balance of the equity loan . . . .

In addition, the first sentence of the following paragraph stated that the remaining debt on the real estate would then be $15,823.58 and was allocated to Kathleen.

---

[2] In the order granting Ralph's Rule 60(b) motion, which is the order on appeal to us, the trial court suggested that when Kathleen filed her motion, she "did not seek to explicitly re-address" the paragraph of the original judgment providing for the exchange of the home and its associated equity loan for the Verso 401(k). This finding appears to misapprehend her motion, as in it, Kathleen expressly proposed a provision that would have held Ralph responsible for half of the home equity debt.

4

[¶7]  After the divorce judgment was so revised, Kathleen appealed. Ralph did not cross-appeal.

[¶8]  In her brief on appeal, Kathleen explicitly addressed the provision of the March 8 judgment providing that Ralph would pay her $30,000, arguing that she should have been awarded more, and that this amount was insufficient to result in an equitable division of assets.

[¶9]  We affirmed the judgment.  *Jellison v. Jellison*, Mem-24-115 (Nov. 7, 2024).  Pursuant to M.R. App. P. 14(a)(2), our mandate issued fourteen days later.

[¶10]  On January 7, 2025, Ralph filed a motion in the trial court for relief from judgment pursuant to M.R. Civ. P. 60(a), arguing that the provisions requiring him to contribute to the home equity debt were included in the amended judgment as a "clerical error."  On January 9, the court granted the motion for relief, and on January 10, entered an amended judgment.  That amended judgment, however, was vacated on January 30, upon the parties' agreement that the court could not issue a revision under Rule 60(a) after the issuance of a final ruling on appeal.

[¶11]  Shortly thereafter, on February 18, 2025, Ralph filed a second motion for relief from judgment, this time pursuant to M.R. Civ. P. 60(b).  On

March 14, 2025, the trial court granted the motion pursuant to M.R. Civ. P. 60(b)(1) and (6), ordering that the amended divorce judgment dated March 8, 2024, would remain in full force but that the paragraph ordering Ralph to pay $30,000 from the Verso 401(k) toward the debt on the real estate would be stricken and that the provision indicating that the remaining debt on the real estate was $15,823.58 would be amended to reflect this change. The court stated that the paragraphs pertaining to those provisions "came from a prior draft of the original Divorce Judgement," and it "appears the Court, in revising the original Judgment, used that draft instead of the final Divorce Judgment, in error."

[¶12] Kathleen filed a timely appeal from the March 14, 2025 order. M.R. App. P. 2B(c).

## II. DISCUSSION

[¶13] We review a trial court's grant of a Rule 60(b) motion for an abuse of discretion. *See e.g., Wood v. Wood,* 602 A.2d 672, 674 (Me. 1992); *Warren v. Waterville Urb. Renewal Auth.*, 290 A.2d 362, 365 (Me. 1972) ("The relief from a final judgment under Rule 60(b), M.R.C.P., in most part, is subject to the exercise of a sound discretion by the trial court upon competent evidence supporting one or more of the reasons for which relief is provided by the Rule

6

. . . ."). A trial court's error of law may constitute an abuse of discretion. *See, e.g.*, *State v. Svay*, 2003 ME 93, ¶ 11, 828 A.2d 790 ("An error of law that leads a court not to consider a factor that it can legally consider causes the court to fail to fully exercise its discretion.").

[¶14] Ralph's Rule 60(b) motion should not have been granted because it was inconsistent with our mandate affirming the March 8 amended judgment.[3]

[¶15] "[A]lthough the mandate of an appellate court forecloses the lower court from reconsidering matters determined in the appellate court, it leaves to the [lower] court any issue not expressly or impliedly disposed of on appeal." *Biggins v. Hazen Paper Co.*, 111 F.3d 205, 209 (1st Cir. 1997) (quotation marks omitted). Generally, "[a] mandate issued by us, affirming the trial court judgment, cannot be enlarged, limited or modified following the appeal." *Bean*

---

[3] Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment." M.R. Civ. P 60(b). Here, the court indicated that it was granting the motion based on its own mistake. Courts are divided as to whether a mistake made by the court itself may count as a mistake warranting relief pursuant to Rule 60(b). In *Kemp v. United States*, the Supreme Court held that "nothing in the text, structure, or history of Rule 60(b) persuades us to narrowly interpret the otherwise broad term 'mistake' to exclude judicial errors of law." *Kemp v. United States*, 596 U.S. 528, 539 (2022). The Massachusetts Supreme Judicial Court, on the other hand, has indicated that "rule 60(b) does not provide an avenue for challenging supposed legal errors." *Bromfield v. Commonwealth*, 508 N.E.2d 842, 844 (Mass. 1987). Given our ruling, we need not decide whether judicial errors fall within the purview of Rule 60(b). We do note, however, as we have noted before, that a Rule 60(b) motion is not a substitute for a direct appeal. *See infra* ¶ 17.

*v. Cummings*, 2008 ME 18, ¶ 18, 939 A.2d 676. "Rule 60(b) presupposes that a party has performed his or her duty to take legal steps to protect his or her own interest in the original litigation." *Ezell v. Lawless*, 2008 ME 139, ¶ 28, 955 A.2d 202.

[¶16] The March 8 amended judgment contained the provisions from which Ralph's Rule 60(b) motion sought relief. Those provisions were a part of this Court's review on appeal. Kathleen expressly challenged them as resulting in a division of property inequitable to her. Ralph, having not cross-appealed, cannot thereafter challenge our ruling. *See Gulf Coast Bldg. & Supply Co. v. Int'l Bhd of Elec. Workers, Loc. No. 480, AFL-CIO,* 460 F.2d 105, 108 (5th Cir. 1972) ("The entire judgment was presented to this court and all issues therein were expressly or impliedly disposed of on the appeal.").

[¶17] As we have stated before, "Rule 60(b) 'was not intended as an alternative method of appellate review, nor as a procedural means by which legal errors readily correctible on appeal may be challenged in a second round of litigation.'" *Chatfield v. Estate of Chatfield*, 2025 ME 69, ¶ 12, 340 A.3d 126 (quoting *Reville v. Reville*, 370 A.2d 249, 254 (Me. 1977)). Just as Rule 60(b) is not a means of circumventing the deadline for direct appeal, it also does not countenance failures to cross-appeal.

The entry is:

> Order granting motion for relief from judgment vacated; remanded with instructions to enter an order denying the motion for relief from judgment.

Zachary Brandmeir, Esq., Bangor, for appellant Kathleen L. Jellison

William H. Ashe, Esq., Law Offices of William H. Ashe, Ellsworth, for appellee Ralph E. Jellison Jr.

Ellsworth District Court docket number FM-2019-174
FOR CLERK REFERENCE ONLY