MAINE SUPREME JUDICIAL COURT                                                    Reporter of Decisions
Decision:        2026 ME 14
Docket:          Som-25-258
Argued:          December 10, 2025
Decided:         February 19, 2026

Panel:           STANFILL, C.J., and MEAD, CONNORS, LAWRENCE, and DOUGLAS, JJ.


ADOPTION BY KATHLEEN C.


DOUGLAS, J.

[¶1]  In parallel adoption proceedings concerning a child who was the subject of a pending protective custody matter, the District Court (Skowhegan, *Benson, J.*) entered final judgments on January 31, 2024, denying a petition for adoption filed by Kathleen C. and her husband Thomas C.,[1] resource parents of the child at the time, and granting the competing petition filed by another couple.  Petitioners appealed the judgments and we affirmed, concluding that "the court did not clearly err or abuse its discretion in finding that adoption by the other party petitioning for adoption is in the child's best interest." *Adoption by Kathleen C.*, Mem-24-86, (July 9, 2024).

[¶2]  Nearly one year later, on January 28, 2025, Petitioners filed three motions in the trial court—a motion for contempt, a motion to enforce, and a

---

   [1]  Consistent with the trial court's orders, we refer to Kathleen C. and Thomas C. collectively as "Petitioners."

motion under M.R. Civ. P. 60(b) for relief from the January 31, 2024, judgments. The Rule 60(b) motion, which was captioned "Motion for Relief from Judgment M.R. Civ. P. 60(B) [*sic*] and (Alternatively) Motion for New Trial," asserted that the adoptive parents had fraudulently misrepresented the nature of their relationship and that this misrepresentation was material to the court's findings and ultimate judgment. The court (*Bristol, J.*)[2] denied the motions with prejudice in a summary February 28, 2025, order.[3]

[¶3] Petitioners then moved for reconsideration of the denial of their Rule 60(b) motion and moved further for amended or additional findings of fact and conclusions of law. In a May 8, 2025, order, the court denied the motion to reconsider, declined Petitioners' request to conduct an evidentiary hearing, and ordered Petitioners to pay the adoptive parents' attorney fees and costs associated with responding to the post-appeal motions.[4] Petitioners timely appealed.

---

[2] The judge who presided over the adoption proceeding subsequently recused himself from the case and has since resigned.

[3] The denial of the motion for contempt and the motion to enforce are not before us in this appeal.

[4] The court granted in part and denied in part Petitioners' motion for amended or additional findings of fact and conclusions of law, thereby providing in its May 8 order a more comprehensive explanation for its denial of the Rule 60(b) motion than in its February 28 order. We note that motions for findings of fact under M.R. Civ. P. 52 are not appropriate when no evidentiary hearing has occurred. *See In re Children of Kacee S.*, 2021 ME 36, ¶ 10 n.4, 253 A.3d 1063 ("The court did not take evidence in connection with its denial of the M.R. Civ. P. 60(b) motion, so the M.R. Civ. P. 52(b) motion was not appropriate.").

[¶4]  Petitioners contend on appeal that the adoptive parents are not—and were not at the time of trial—in a "committed, stable relationship with plans to marry in the near future" and, because the trial court conflated the requirements of M.R. Civ. P. 60(b)(2) and 60(b)(3) in analyzing their motion, it "fail[ed] to consider the post-judgment facts presented by [Petitioners], which strongly corroborated pre-judgment evidence of fraud."  In other words, they maintain that the facts they presented by way of verified motion and supporting affidavits and exhibits, viewed in toto, were sufficient "to establish [the adoptive parents'] fraud upon the court during the adoption proceedings."

[¶5] We review for an abuse of discretion the denial of a M.R. Civ. P. 60(b) motion for relief from judgment. *Chatfield v. Est. of Chatfield*, 2025 ME 69, ¶ 7, 340 A.3d 126; *see also Wooldridge v. Wooldridge*, 2008 ME 11, ¶ 7, 940 A.2d 1082.  In determining whether there has been an abuse of discretion, our inquiry focuses upon whether (1) the court's factual findings, if any, are supported by the record; (2) the court correctly understood and applied the law; and (3) the court's ultimate determination was within the bounds of reasonableness.  *See Chatfield*, 2025 ME 69, ¶ 7, 340 A.3d 126; *McAllister v. McAllister*, 2011 ME 69, ¶ 11, 21 A.3d 1010.  The moving party bears the burden of generating sufficient evidence in support of the motion, and on appeal we vacate findings adverse to the party with the burden of proof "only if the record

4

compels a contrary conclusion." *Chatfield*, 2025 ME 69, ¶ 7, 340 A.3d 126; *Haskell v. Haskell*, 2017 ME 91, ¶ 12, 160 A.3d 1176.

[¶6]  The primary thrust of Petitioners' motion for relief from judgment was that "newly discovered evidence" now establishes that "the information and testimony provided by [the adoptive parents] at the trial court hearing and which the trial court heavily relied upon in making its ruling was inaccurate at best but more likely than not fraudulent."  The court considered the motion to be requesting relief based on either Rule 60(b)(2), which provides for relief from a judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," or Rule 60(b)(3), which provides for relief from a judgment based on "fraud, . . . misrepresentation, or other misconduct of an adverse party."  M.R. Civ. P. 60(b)(2), (3).[5]

[¶7]  The court did not abuse its discretion in denying the motion to the extent that it was based on a claim of newly discovered evidence under Rule 60(b)(2).  The facts Petitioners proffered in support of their motion consist of

---

[5]  These two subdivisions of M.R. Civ. P 60(b) provide in full as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); [or] (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . .

inconclusive information, including photos taken by a private investigator they hired in November 2024, as well as various texts, emails, and screenshots of the adoptive parents' individual social media accounts. The court correctly observed that the facts put forward in support of the motion either "could have been discovered at the time of trial or are events that occurred after the entry of final judgment." Therefore, they do not constitute "newly discovered evidence" for purposes of a Rule 60(b)(2) motion.[6] *See MacPherson v. Est. of MacPherson*, 2007 ME 52, ¶ 8, 919 A.2d 1174; M.R. Civ. P. 60(b)(2).

---

[6] In sum, the Petitioners asserted the following facts:

- The adoptive parents could not be served with process relating to an action that Petitioners had filed in the adoptive parents' home state because they were not living at their address of record in this proceeding; appear to be living separately from one another; no longer have a joint Facebook page or email address; and are each involved in a relationship with another person.

- The adoptive mother is not employed as she represented to the court; has moved with the child at least twice since the final judgment issued; was previously, and is currently, involved with another man who "appears to play a fatherly role" with respect to the child; and has subjected the child to living arrangements that "are unsanitary and unsafe and pose a significant risk of harm to [the child]."

- The adoptive father is living with another woman, and postings on their individual, public Facebook pages suggest that they were in a romantic relationship prior to the adoption proceedings.

As is evident from the foregoing, most of the factual assertions Petitioners advanced in support of their motion for relief relate to events that occurred post-judgment. Taken together, this evidence may show that a change in circumstances—arguably, a substantial change in circumstances—has occurred in the lives of the adoptive parents *since* the adoption hearing in this case. However, that is not the applicable standard for setting aside the January 2024 judgments at issue. Although these facts may have some probative value with respect to a Rule 60(b)(3) motion, for purposes of Rule 60(b)(2) they do not qualify as "newly discovered evidence." Evidence of pre-judgment facts put forward to prove that at the hearing the adoptive parents misled the court as to the nature of their relationship consists primarily of several ambiguous social media posts by the adoptive mother and screenshots of the aforementioned Facebook postings, one from the adoptive father's individual

6

[¶8]  Likewise, the court did not abuse its discretion in denying Petitioners' motion to the extent that it was based on Rule 60(b)(3).  Where, as here, the basis for a motion for relief is an assertion that a judgment has been obtained by fraudulent means, the moving party's burden is an elevated one.  "Fraud requires *clear and convincing* proof that an advantage has been gained in the obtaining of a judgment by an act of bad faith whereby the court has been made an instrument of injustice."  *Est. of Paine*, 609 A.2d 1150, 1153 (Me. 1992) (emphasis added).  The court found that Petitioners' allegations of fraud "are vague and conclusory" and therefore did not meet the heightened, clear-and-convincing standard of proof.  As noted above, Petitioners themselves characterized their evidence as establishing that the adoptive parents' testimony at trial "was inaccurate at best and *likely fraudulent*"—well below the level of proof required here.  Moreover, when viewed in its entirety, the record does not compel a conclusion contrary to the trial court's nor

---

Facebook page and one from his alleged girlfriend's individual Facebook page.  For purposes of Rule 60(b)(2), these items, which apparently predate the hearing, also do not qualify as "newly discovered evidence" because Petitioners have not demonstrated that they could not have been discovered with the exercise of due diligence "in time to move for a new trial under M.R. Civ. P. 59(b)."  M.R. Civ. P. 60(b)(2).  Moreover, as discussed in the text above, even if all the foregoing facts are taken into consideration in connection with a Rule 60(b)(3) challenge, the overall quantum of proof, as the trial court noted, still "fall[s] well short of the legal standard required for [the court] to take the extreme step of vacating the adoption of this child" or to compel us to reach a conclusion on appeal contrary to that reached by the trial court.

establish that the court's ultimate determination was outside the bounds of reasonableness.

[¶9] We also reject Petitioners' contention that the court's decision not to hold an evidentiary hearing was an abuse of discretion. A trial court is given "great latitude in determining whether a hearing is necessary," *In re Child of Nicholas P.*, 2019 ME 152, ¶ 39, 218 A.3d 247, and "is not required to hold an evidentiary hearing, even when a party asserts that such a hearing is necessary," *In re David H.*, 2009 ME 131, ¶ 34, 985 A.2d 490. *See also* M.R. Civ. P. 7(b)(7) ("Except as otherwise provided by law or these rules, after the opposition is filed the court may *in its discretion* rule on the motion without hearing." (emphasis added)). As we have noted before, most Rule 60(b) motions "are decided on the basis of affidavits and other documentary evidence usually without the necessity of a lengthy evidentiary hearing." *Sargent v. Sargent*, 1997 ME 38, ¶¶ 4-5, 691 A.2d 184.

[¶10] Here, the court had before it an extensive record, including Petitioners' detailed, verified Rule 60(b) motion for relief from judgment; supporting affidavits and dozens of exhibits; and, in addition, substantive responses of the adoptive parents, the Department of Health and Human Services, and the Guardian ad Litem. We cannot conclude in this instance that

the court abused its discretion in declining to hold an evidentiary hearing. *See Genujo Lok Beteiligungs GmbH v. Zorn*, 2008 ME 50, ¶ 28, 943 A.2d 573.

[¶11]  Finally, we address Petitioners' challenge to the court's award of attorney fees.  We review the attorney fee award itself de novo and the amount of any such award for an abuse of discretion.  *Fair Friend Enter. Co. v. CNC Sys., Inc.*, 2025 ME 37, ¶ 23, 334 A.3d 725.  "The authority for an award of attorney fees must be based on (1) the contractual agreement of the parties; (2) clear statutory authority; or (3) the court's inherent authority to sanction egregious conduct in a judicial proceeding."  *Vill. at Ocean's End Condo. Ass'n v. Sw. Harbor Props. LLC*, 2025 ME 85, ¶ 31 n.12, 345 A.3d 56.

[¶12]  There is no contractual agreement or statutory authority for the award of fees.  Rather, as its reason for awarding attorney fees, the court stated that Petitioners had "filed extensive post-appeal motions and other pleadings, some repetitive, in these cases" and "[t]heir conduct has unnecessarily driven up the costs for adoptive parents."  Although we appreciate that the adoptive parents may have incurred additional expenses in responding to these motions, the court did not find, nor does the record support, that Petitioners acted egregiously or in bad faith.  Their actions appear to have been motivated by a genuine concern for the child's well-being.  While unable to meet the standards

required for the relief they sought, Petitioners' motions were not frivolous or baseless.

The entry is:

> The portion of the court's order granting attorney fees is vacated. In all other respects, the judgment is affirmed.

---

Benjamin M. Block, Esq. (orally), Law Offices of Benjamin M. Block, Belfast, for appellants Kathleen C. and Thomas C.

Jeremiah W. Rancourt, Esq. (orally), Baldacci, Sullivan & Baldacci, Bangor, for appellees adoptive parents

Aaron M. Frey, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen. (orally), Office of the Attorney General, Bangor, for appellee Department of Health and Human Services

Skowhegan District Court docket numbers FM-2022-85 and FM-2022-273
FOR CLERK REFERENCE ONLY